Elaine REID, et al., Plaintiffs,

v.

STATE OF NEW YORK, et al., Defendants.

No. 83 Civ. 2437 (KTD)

United States District Court,
S.D. New York.

April 26, 1984.

See also D.C., 570 F.Supp. 1003.

Teitelbaum & Hiller, P.C., New York City, for plaintiffs; Herbert Teitelbaum, William J. Hibsher, New York City, of counsel.

Robert Abrams, Atty. Gen. of the State of N.Y., Melvyn R. Leventhal, Deputy First Asst. Atty. Gen., New York City, for State defendants; Marion R. Buchbinder, Asst. Atty. Gen., New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiffs move for an award of attorneys' fees pursuant to 42 U.S.C. §§ 2000e–5(k), 1988. Defendants do not dispute plaintiffs' entitlement. The only dispute concerns the number of hours and whether the hourly rates claimed are "reasonable."

Plaintiffs' counsel seek as the "lodestar" amount their "customary" hourly rates of $135 per hour for the junior partner involved in the litigation, and $150 per hour for a senior partner with fifteen years of experience who also assisted throughout the proceedings. Defendants, on the other hand, assert that a rate of approximately $60–$77 per hour is appropriate. Defendants' arguments are that this litigation was an "ordinary and routine Title VII testing case"; that "the bulk of attorneys' time ... was time spent in negotiating ... settlement," and that the action was settled quickly and expediently without the need

for protracted discovery or the litigation of complex legal issues. *See generally* Defendants' Affidavits In Opposition.

Since the defendants' filing of their opposition papers, the Supreme Court has decided *Blum v. Stenson*, —— U.S. ——, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), ·in which the Court concluded that the standard for determining what is a "reasonable" rate is the prevailing "market rate."

> The statute and legislative history establish that "reasonable fees" under § 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel. The policy arguments advanced in favor of a cost-based standard should be addressed to Congress rather than to this Court.

—— U.S. at ——, 104 S.Ct. at 1547 (footnote omitted).

■ Defendants do not, and cannot dispute that the hourly rates set forth by plaintiffs' counsel are their "market rates." The fact that this litigation may have been settled quickly does not detract from the reasonableness of the hourly market rates. The litigation, as with most Title VII actions, was not foreordained.

■ On the other hand, plaintiffs' counsel seeks a 1.5 multiplier of its fees. In this situation, the relative ease in obtaining judgment, the lack of complex·legal issues involved, and the skill and time required in this case are factors which suggest that a multiplier would be inappropriate. *See Hensley v. Echerhart*, 461 U.S. 424, 103 S.Ct. 1933, 1937 n. 3, 76 L.Ed.2d 40 (1983). Accordingly, no multiplier will be applied to the fee lodestar amount.

Defendants also argue that much of the time spent by the senior partner was unreasonably duplicative, the junior partner could have handled this case alone. Furthermore, defendants assert that the junior partner spent an excessive number of hours before the filing of the eight page complaint (44 hours), in modifying the defendants' proposed consent decree (16.25 hours), and in preparing for the hearing before me (24.75 hours). I reject all of defendants arguments.

■ First, the supervision provided by the senior partner in this case can hardly be termed "unreasonable" merely because it may have been primarily reviewing his less-experienced partner's work. Moreover, his total of 39 hours spent on this year and a half litigation does not appear, by any means, to be excessive.

■ Similarly, none of the proposed hours claimed by the junior partner are manifestly excessive. Strong investigation and preparation preliminary to the filing of a complaint seems laudable conduct rather than a drawback and unnecessary. Defendants expressly state that they do not dispute that plaintiffs' counsel actually expended the hours claimed. The fact that defendants' counsel might not have spent the same amount of time, and that they carried out a substantial amount of the work necessitated by this litigation in initially drafting the proposed consent decree, does not make the hours expended unreasonable. Again, I find nothing excessive in the gross number of hours claimed. Therefore, multiplying the hours set forth in plaintiff's counsels' affidavits and exhibits by their respective hourly rates, plaintiffs' counsel are awarded $28,170.

Finally, defendants note that $131.25 of the costs requested represent secretarial services. As such, these amounts generally are included in the law firm's overhead and are already a component of the hourly billing rate. *See New York State Association For Retarded Children v. Carey*, 711 F.2d 1136, 1150 (2d Cir.1983).

In sum, plaintiffs are awarded the full number of hours expended in litigating this class action suit, and at the respective partners' customary and market rates of hourly compensation. Accordingly, $28,170 is awarded to plaintiffs. A multiplier of this lodestar figure is not deemed appropriate. Finally, plaintiffs are awarded part of their claimed costs in the amount of $381.04.

Plaintiffs are ordered to settle judgment on five (5) days' notice within five (5) days of the date of this decision.

SO ORDERED.