Maria J. CARRERO, Plaintiff,

v.

NEW YORK CITY HOUSING AUTHORI-
TY, Miguel Peterson, Robert Harold, Al
S. Parker and Rosalind Reyes Linares,
Defendants.

No. 86 Civ. 1061 (RWS).

United States District Court,
S.D. New York.

Dec. 2, 1987.

MEMORANDUM OPINION

SWEET, District Judge.

Plaintiff Maria Carrero ("Carrero") has moved the court to reconsider its oral decision of October 6, 1987, not to award her back pay. The motion to reconsider is granted and upon reconsideration back pay will be denied.

As set forth in the findings contained in the August 7, 1987 opinion, familiarity with which is assumed, Carrero initiated this action on February 5, 1986, alleging the discrimination which was found later to have existed. On that day she sought a preliminary injunction to restore her probationary position as Assistant Supervisor. The New York City Housing Authority ("NYCHA") offered her employment at her permanent classification as Heating Plant Technician at its project Sedgewick Houses. Carrero declined the offer and instead sought unpaid leave which was granted on condition that she not "engage in any employment or business or perform services of any nature or description in any capacity from which an income, fee, or other remuneration is derived, during the period for which leave has been granted." Although not of record, it is presumed that leave status conferred some benefits upon Carrero in the event of reinstatement which has now been directed.

As Carrero points out, back pay is the rule rather than the exception in constructive discharge cases, and the thrust of the Civil Rights statutes has been to make the injured party economically whole. *See Albemarle Paper Co. v. Moody,* 422 U.S. 405, 418–19, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975). Consequently, it is not the absence or presence of bad faith on the employer's part that is at issue (such an inquiry would convert back pay into, essentially, punitive damages), but the economic injury suffered by the claimant. *Id.* at 422, 95 S.Ct. at 2373.

Given that Carrero was constructively discharged from her probationary position as Assistant Superintendent to which she cannot now be restored in the absence of

an open position, the question is whether she then was obligated to work at her former, lower paid job as a Heating Plant Technician. The Supreme Court has held that while an injured party like Carrero has an obligation to mitigate damages, "the unemployed or underemployed claimant need not ... accept a demotion...." *Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 231, 102 S.Ct. 3057, 3065, 73 L.Ed.2d 721 (1982). Consequently, she was not required to take the job as a Heating Plant Technician, and adhering to the October 6 observation that her decision to take an unpaid leave was voluntary, the voluntariness of her decision is not the issue under the *Ford Motor* rule.

■ Having abandoned her effort to obtain injunctive relief, Carrero could have resigned and sought other employment, accepted the NYCHA offer to work as a Heating Plant Technician at a project other than Morrisania Air Rights ("MAR") where the discrimination occurred, or sought leave status under which she could not accept pay. Having opted for the latter alternative, she is not now entitled to receive at the court's discretion a salary for the period as a Heating Plant Technician during the period of her leave, not having performed services during that period. Of course, the discrimination claimed and proven did not result in her constructive discharge as a Heating Plant Technician, but rather as an Assistant Supervisor on probation.

Carrero seeks to avoid this result by her post trial claim that she feared retaliation and further discrimination at Sedgewick Houses based on her prior experience at MAR and Edenwald Houses. Such a subjective fear of future events, while not without some rational basis, does not justify a paid vacation for the period of the unpaid leave for which she bargained.

Upon reconsideration, the motion for back pay is denied.

Enter judgment on notice.

IT IS SO ORDERED.