**Maria J. CARRERO, Plaintiff,**

**v.**

**NEW YORK CITY HOUSING AUTHORI-TY, Miguel Peterson, Robert Harold, Al S. Parker and Rosalind Reyes Linares, Defendants.**

**No. 86 Civ. 1061 (RWS).**

United States District Court,
S.D. New York.

May 9, 1988.

Sussman & Sussman, Yonkers, N.Y. (Michael H. Sussman, of counsel), Arthur J. Levy, Brooklyn, N.Y., for plaintiff.

Manual H. Quintana, New York City Housing Authority, New York City (Joaquin Yordan, of counsel), for defendants.

## OPINION

SWEET, District Judge.

Plaintiff Maria Carrero ("Carrero") has moved pursuant to 42 U.S.C. § 1988 [1] for attorney's fees in the amount of $131,-565.00 and expenses in the amount of $10,-670.85 based on her partially successful sex discrimination action against The New

---

1. Presumably plaintiff moves pursuant to section 1988 on her 42 U.S.C. § 1981 action and pursuant to 42 U.S.C. § 2000e–5(k) on her Title VII action.

York City Housing Authority ("NYCHA"), Miguel Peterson ("Peterson"), Robert Harold ("Harold"), Al S. Parker ("Parker"), and Rosalind Reyes Linares ("Linares"). For the reasons set forth below, the motion is granted to the extent of $73,361.50 in fees and $9,143.41 in expenses.

*Background*

Carrero, a heating plant technician employed by NYCHA, filed this action pursuant to 42 U.S.C. §§ 1981, 2000e *et seq.* Her claim, in brief, was that while employed as an assistant superintendent for a probationary period, Peterson, her immediate supervisor and evaluator, subjected her to sexual advances, her rejection of which resulted in a poor evaluation. She informed NYCHA of Peterson's advances prior to the evaluation but an investigation conducted by Linares, the Director of Equal Opportunity for NYCHA, found that Carrero's charges were unsubstantiated. The remaining defendants were the Chief Superintendent for the Bronx South District of NYCHA, and the Manager of the Morrisania Air Rights Project on which Carrero worked.

After receiving the right to sue from the United States Equal Employment Opportunity Commission, Carrero filed this action on February 5, 1986 seeking preliminary relief for reinstatement as an Assistant Supervisor, anticipating her demotion from that position. The demotion was formalized on February 10, 1986. The motion for preliminary relief was withdrawn, Carrero having obtained leave pending the outcome of this action.

The case was tried to the court on February 4–11, 1987, and final argument was held on May 29, 1987. On August 7, 1987, this court issued its decision. Peterson was held liable for creating a hostile work environment. The NYCHA was not held liable for the actions of Peterson, but was directed to provide Carrero with a new probationary period administered by an impartial supervisor. Carrero was denied damages for pain and suffering and was denied punitive damages sought from NYCHA. Her action was dismissed as against the other defendants. The court further permitted recovery for costs and reasonable attorneys' fees.

Subsequently, Carrero moved by way of a requested judgment for back pay. On October 6, 1987, this court issued an oral opinion denying that motion. Thereafter, she moved for reconsideration of that opinion, and on December 2, 1987, with an amendment December 24, 1987, this court granted the motion for reconsideration but again denied the relief sought. The denial was based on Carrero's decision to take a leave of absence from her position at NYCHA rather than work at any position which would have mitigated her damages.

On February 11, 1988, Carrero's counsel, Messrs Levy and Sussman, applied before this court for attorney's fees and costs in the amount stated above. Defendants oppose the application claiming that the amount sought is excessive on several grounds.

*Discussion*

Under 42 U.S.C. § 1988, "[i]n any action or proceeding to enforce [the enumerated civil rights statutes], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." The equation generally used to determine a reasonable fee is known as the "lodestar" or "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed. 2d 40 (1983).

However, this is only the beginning of the inquiry. Attorneys' fees may be adjusted upward or downward based on such factors as adequate documentation of hours spent, reasonableness of hours expended, level of success, *Id.* at 433–34, 103 S.Ct. at 1939–40, and reasonableness of rate, *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Accordingly, although Levy and Sussman have calculated the fees due them under the lodestar method, the defendants have contested the amounts claimed.

*Unsuccessful Claims*

Defendants claim first that Carrero should not be awarded fees for work performed on unsuccessful claims. They contend that since Carrero prevailed only against two of the defendants, Peterson and NYCHA, and only in part against them, the recovery of attorneys' fees should be reduced by a flat fifty per cent. Carrero claims, however, that since the claims were interrelated, there should be no reduction for limited success.

> Under *Hensley, supra,*
> Where the plaintiff has failed to prevail on a claim that is distinct in all respects for his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

461 U.S. at 440, 103 S.Ct. at 1943; *In re Agent Orange Products Liability Litigation*, 818 F.2d 226, 232 (2d Cir.), *cert. denied,* — U.S. ——, 108 S.Ct. 289, 98 L.Ed. 2d 249 (1987).

■ In this case, Carrero achieved only limited success on the merits. Although she did succeed in proving that she was the victim of sexual harassment resulting in her reinstatement, she did not make out her claim for pain and suffering, she did not recover under a hostile environment theory against NYCHA, she did not make out a claim for punitive damages against NYCHA, and her claims against Harold, Parker and Linares were dismissed. Based on the results achieved, a reduction in the fee amount is warranted. *See, e.g., Orshan v. Macchiarola*, 629 F.Supp. 1014, 1020 (E.D.N.Y.1986).

■ However, the fifty per cent reduction advocated by the defendants would lead to unfair results. In light of the fact that Carrero's claims were to some degree interrelated—for example she would submit the same proof to show harassment by Peterson as to show vicarious liability of NYCHA due to a hostile environment created by an employee—a lesser per centage is in order. There will be a thirty-five per cent reduction of allowable fees.[2]

■ Additionally, Carrero failed to mitigate her damages by taking other work. Her decision to remain on unpaid leave resulted in a denial of her motion for back pay before this court. That motion took the form of preparation of a final order after this court's August 7, 1987 decision. When time spent adds nothing to the success of the litigation, fees for that time may be denied. *See, e.g., Rosario v. Amalgamated Ladies' Garment Cutters Union*, 749 F.2d 1000, 1008 (2d Cir.1984) (attorneys' fees in labor context). Therefore, any fees related to Carrero's work status and back pay claim will be denied.

*Excessive Time Expenditure*

■ The defendants next claim that the time expended by both Levy and Sussman was unjustifiably excessive and thus that the fee award should be reduced accordingly. In particular they contest the 209 plus hours spent by Levy in discovery, the 196 hours spent by Levy in trial preparation, the 80.8 hours spent by Levy preparing the final Order, and the 99.45 hours spent by Levy under the heading of "Post–Trial Briefs."

In large part, these hours will not be cut. First, the work done by counsel for Carrero was careful and professional, as evidenced by the performances before and papers submitted to this court. *See Lenihan v. City of New York*, 640 F.Supp. 822, 824–25 (S.D.N.Y.1986). Second, excessive work, that is, work not resulting in recovery, will be cut by the per centage reduction set forth above. Third, fees for preparation of the final Order are included in the amount excluded for failure to prevail on the back pay issue discussed above. Finally, Mr.

---

**2.** All figures will be set forth at the end of this opinion.

Levy himself has acknowledged discounting his billing based on whatever time might be attributed to his lack of experience prosecuting such claims. In all, excess in terms of hours has already been accounted for.

■ Reductions will be made, however, where the attorneys essentially duplicated each other's efforts. *See New York Association for Retarded Children v. Carey,* 711 F.2d 1136, 1146 (2d Cir.1983). This occurs only in the case of depositions,[3] where Sussman took the deposition and Levy attended. While the court recognizes that assistance at depositions is often necessary, generally that assistance is offered by an associate at a much lower rate. Here, both experienced attorneys are charging full market rates for essentially the same task. Thus, Levy's rate will be reduced from $150.00 per hour to $100.00 per hour for these depositions.

*Rate of Compensation*

■ The defendants claim that the rate of compensation claimed for Sussman, $175 per hour, is excessive. Under *Blum, supra,* 465 U.S. at 895, 104 S.Ct. at 1547, " 'reasonable fees' under § 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel." *See also Polk v. New York State Department of Correctional Services,* 722 F.2d 23 (2d Cir. 1983).

Defendants compare this action with one filed before Judge Leval in 1981, *McNair v. New York City Housing Authority,* 81 Civ. 3797, where an attorney admitted to the bar the same year as Sussman and with comparable experience received $154.00 per hour. However, the experience these lawyers had gleaned by 1981 is hardly comparable with the experience achieved by 1985-87, the period of this case. Moreover, prevailing rates have increased. *See, e.g., Lenihan, supra,* 640 F.Supp. at 827-28 (experienced civil rights attorney receiving $180.00 per hour).

Sussman's experience in prosecuting civil rights claims is extensive and impressive. He is a 1978 graduate of the Harvard Law School, following which he spent three years as a trial attorney in the Civil Rights Division of the Justice Department. He spent the next five years as Assistant General Counsel for the national office of the National Association for the Advancement of Colored People ("NAACP"). Since 1986 he has been a partner with his father in a small law firm specializing in civil rights cases. He has been responsible for many cases arising under Title VII and section 1981, the causes of action asserted by Ms. Carrero.

In light of Mr. Sussman's vast experience in the field of civil rights litigation, the requested fee, $175.00 per hour is not unreasonable. This is especially so in light of the fact that defendants have not challenged Mr. Levy's request for $150.00 per hour, although Levy admittedly can boast of far less experience in the field. Thus Sussman will be compensated at a rate of $175 per hour, and Levy at a rate of $150 per hour.

*Rate Reduction due to Failure to Document and Nature of Tasks*

Defendants contend that attorneys' fees should be reduced because counsel failed to adequately describe the nature of the work performed in time records and because counsel failed to discount billing for certain activities such as filing and travel time.

■ In this circuit, providing contemporaneous time records is a prerequisite to receiving attorneys fees. *New York Association for Retarded Children, supra,* 711 F.2d at 1147. The reasoning for this rule is that courts should not be faced with an impossible chore when making fee determinations, and that lawyers should not be required to expend even more hours reconstructing the past in assembling a fee application. *Id.* at 1147-48.

Where the attorneys have provided the court with affidavits that have been reconstructed from contemporaneous records and that set forth all charges with specifici-

3. This amounts to 8.5 hours and will be set forth in more detail below.

ty, fees have not been denied. *See Lenihan, supra,* 640 F.Supp. at 824. Such was the case here. Sussman and Levy have, for the most part, set forth the date, task and time spent for all charges in their affidavits, and although at times Sussman fails to provide the court with the reason for a phone conversation with co-counsel, Mr. Levy's records adequately reflect the reason.

█ However, penalties have been imposed for failure to provide the actual records. Carrero's counsel contends that contemporaneous time records were offered to the defense and were refused. Nevertheless, the burden is on the party seeking fees to present such records to the court, whether or not defendants have requested production. Since no such records were presented here, no remuneration will be granted for hours spent on the fee application. *Lewis v. Coughlin,* 801 F.2d 570, 577 (2d Cir.1986).

Additionally, inconsistencies in the attorneys' records will be cut, for example telephone calls one claims to have made to the other that do not appear in the other's records.

Although some courts have permitted only reduced rates for some activities, such as travel time and the filing and service of papers, such a reduction is not mandatory. *See Lenihan, supra.* In view of the fact that a proportionately small amount of time in this case was devoted to such activity,[4] fees will not be reduced.

*Costs*

Defendants claim that many of the expenses for which Levy and Sussman seek reimbursement ought not to be compensated. Ordinarily, in addition to awarding reasonable attorneys' fees as costs, attorneys' expenses may also be compensated. However, the expenditure of these amounts should add to the proceeding, *Ste. Marie v. Eastern Railroad Association,* 497 F.Supp. 800, 814 (S.D.N.Y.1980), *rev'd on other grounds,* 650 F.2d 395 (2d Cir.1981), and they should not be part of the attor-

neys' ordinary overhead, *Reid v. New York,* 584 F.Supp. 461, 462 (S.D.N.Y.1984); *see also New York Association for Retarded Children, supra,* 711 F.2d at 1150. It is the defendants' contention that many of the requested expenses fall into these categories.

█ Counsel seeks reimbursement in the following categories: transportation; postage; photocopying; delivery and service of papers; supplies for court papers; word processing assistant; court filing fee; telephone; Federal Express; witness fees; meals; trial transcript; investigator; deposition transcripts. Expenses for transportation, telephone, meals, and word processing will be disallowed.

In preparing expense sheets, counsel has failed to state where transportation was from or to and for whom. Transportation to the office in the morning would not be compensable. Nor would transportation to court in lieu of going to the office. In the absence of a precise breakdown of these expenses, compensation will not be awarded.

The same is true of telephone costs. Counsel does not specify to whom the calls were made and whether they were long distance or local. Local calls are not compensable as they fall in the category of ordinary law office overhead. Thus, even if counsel provided adequate documentation, compensation only for toll calls would be permitted.

Word processing assistance falls into the secretarial subcategory under the ordinary office overhead heading. *See Reid, supra,* 584 F.Supp. at 462.

█ Plaintiff's and her counsels' meals are not something the defendants should have to pay for. Thus, incurring this expense in no way contributes to the proceeding. *See In re Agent Orange Products Liability Litigation, supra,* 818 F.2d at 238 (extravagances not recoverable).

Finally, in accordance with the above ruling, this court will not award compensation

---

4. Levy devotes 21 hours to travel to and interview of witnesses without specifying how much time was spent in transit as opposed to interviewing. He further devoted 1 hour to filing.

**910**

for those expenses incurred during the preparation of the order for back pay.

## Calculations

The figures on the following pages represent the amount claimed minus the amount disallowed for fees and expenses. Explanation is included.

### Attorneys' Fees
#### Sussman

| | | |
|---|---|---|
| Total hours claimed | | 172.20 |
| Reduction for post 8/7 work on order including fee application | 19.4 | |
| Inconsistencies | | |
| 10/23 phone to Levy | .25 | |
| 12/29 phone to Levy additional hour | 1.00 | |
| Hours cut | 20.65 | · 20.65 |
| Hours compensated | | 151.55 |
| × rate | | $175.00 |
| Fee before reduction | | 26,521.25 |
| 35% | | 9,282.44 |
| Total Fee Sussman | | $17,238.81 |

#### Levy

| | | |
|---|---|---|
| Total hours claimed | | 676.20 |
| Reduction for post 8/7 work on order | 80.80 | |
| Reduction for hours devoted to other employment | | |
| 3/27/86 letter | .25 | |
| 10/9/86 phone | .50 | |
| 10/10/86 day spent on employment | 3.60 | |
| 10/23/86 phone | .25 | |
| 10/28/86 letters | 1.25 | |
| 12/10/86 phone | .25 | |
| 12/11/86 letter | .15 | |
| Duplicative time (to be added below at lower rate) | 8.50 | |
| Inconsistencies et al. | | |
| 2/4/86 letter re related case | .25 | |
| 11/12/86 phone to Sussman additional time | 1.50 | |
| 2/6/87 phone for 6 hrs. recorded, Sussman shows only 1.2—reduction in part—remainder attributed to client | 2.00 | |
| Fee Application | 10.00 | |
| Hours cut | 109.30 | 109.30 |
| Hours compensated | | 566.90 |
| × rate | | $150.00 |
| Fee before reduction | | $85,035.00 |
| 35% | | 29,762.25 |
| Subtotal Fee Levy | | $55,272.75 |
| + 8.5 hours at $100 | | 850.00 |
| Total Fee Levy | | $56,122.75 |
| Fees Levy | | 56,122.75 |
| Fees Sussman | | 17,238.81 |
| Total Attorneys' Fees | | $73,361.56 |

#### Expenses

| | |
|---|---|
| Sussman requested expenses | 176.97 |
| — disallowed travel and phone | 116.51 |
| Sussman permitted expenses | $60.46 |

#### Expenses

| | | |
|---|---|---|
| Levy requested expenses | | $10,493.95 |
| Disallowed categories | | |
| travel | 297.10 | |
| word processing | 72.00 | |
| phone | 325.59 | |
| meals | 157.95 | |
| total categories | $852.64 | 852.64 |
| Final order costs exclusive of disallowed categories | | 558.36 |
| Total disallowed | | $1,411.00 | $1,411.00 |
| Levy permitted expenses | | $9,082.95 |
| Levy expenses | | 9,082.95 |
| Sussman expenses | | 60.46 |
| Total permitted expenses | | $9,143.41 |

#### Totals

| | |
|---|---|
| Attorneys Fees | $73,361.56 |
| Expenses | 9,143.41 |
| Total Award | $82,504.97 |

## Conclusion

For the reasons set forth above, Carrero's motion for attorneys' fees and expenses is granted to the extent of $73,361.56 in attorneys' fees and $9,143.41 in costs for a total award of $82,504.97.