Maria J. CARRERO, Plaintiff,

v.

NEW YORK CITY HOUSING AUTHORITY, Miguel Peterson, Robert Harold, Al S. Parker and Rosalind Reyes Linares, Defendants.

No. 86 Civ. 1061 (RWS).

United States District Court,
S.D. New York.

Nov. 13, 1990.

As Amended Dec. 13, 1990.

MEMORANDUM OPINION

SWEET, District Judge.

Plaintiff Maria Carrero ("Carrero") moves for entry of an order granting her $15,078.75 in backpay from the defendant New York City Housing Authority ("NY-

CHA"), $12,500 for pain and suffering from defendant Miguel Peterson ("Peterson"), and $16,963.39 in attorneys' fees from the NYCHA. The NYCHA opposes the motion and cross-moves for a reduction in attorneys' fees to $1,583.75. For the following reasons, the motion is granted with modifications.

*Parties*

The parties and prior proceedings are described in detail in *Carrero v. NYCHA,* 668 F.Supp. 196 (S.D.N.Y.1987) ("*Carrero I*"), *Carrero v. NYCHA,* 680 F.Supp. 87 (S.D.N.Y.1987) ("*Carrero II*"), *Carrero v. NYCHA,* 685 F.Supp. 904 (S.D.N.Y.1988) ("*Carrero III*"), *Carrero v. NYCHA,* 890 F.2d 569 (2d Cir.1989) ("*Carrero IV*") and *Carrero v. NYCHA,* 86 Civ. 1061, 1990 WL 104007 (S.D.N.Y. July 13, 1990) ("*Carrero V*"). The facts will be repeated here only to the extent that they are relevant to the instant motions.

*The Facts*

In 1986, Carrero sued the NYCHA for sex discrimination under Title VII and 42 U.S.C. § 1983, alleging that she had been denied the opportunity for advancement because of her rejection of her supervisor's sexual advances. Following a bench trial, Carrero prevailed on some of her claims against some of the defendants, *Carrero I,* but her request for backpay was denied. *Carrero II.* As part of her claim, Carrero was awarded "reasonable attorneys' fees." *Carrero I,* 668 F.Supp. at 204.

Carrero's attorneys, Arthur J. Levy ("Levy") and Michael H. Sussman ("Sussman") then applied to the court for reimbursement of fees totaling $131,565.00 and expenses amounting to $10,670.85. Based on the lack of success on Carrero's backpay claim, the requested fees were reduced to exclude any time spent on that issue. *Carrero III,* 685 F.Supp. at 907. After this exclusion, the fees were further reduced in two ways: (1) the time records were carefully examined and duplicative and inadequately documented time was stricken; and (2) the final award was reduced by 35% to reflect the fact that Carrero had achieved only limited success on her claims other than the one for backpay. *Id.* at 906–10. The amounts excluded for work on the backpay claim totaled $16,408.75 in attorneys' fees and $558.36 in expenses. *Id.* at 910.[1]

On appeal, the Second Circuit reversed the denial of backpay. *Carrero IV,* 890 F.2d 569 (2d Cir.1989). In light of this result, the court stated that "the district court will have to adjust its award of attorneys' fees to reflect the reasonable fees incurred by plaintiff in litigating the backpay issue." *Id.* at 582. The case was remanded for determination of several issues, including how much backpay and related attorneys' fees Carrero should receive.

On remand, Carrero was awarded backpay in the amount of $15,078.75. *Carrero V,* slip op. at 17. On the issue of attorneys' fees, the opinion contained the following finding of fact:

> According to the submissions on this application, fees allocable by counsel for Carrero for work performed on the issue of back pay after August 7, 1987 amount to $16,408.75 with disbursements of $558.64.[2]

---

**1.** These amounts were calculated as follows:

| 19.4 hours | Sussman time spent after August 8, 1987 (the date |
| × $175/hr. | of Carrero I), excluded in Carrero III because the |
| | main issue worked on was Carrero's backpay claim |
| $ 3,395.00 | |

| 87.05 hours | Levy time spent after 8/7/87 on Carrero I order and |
| × $150/hr. | on "other employment" for Carrero |
| $13,057.50 | |

| Total Fees Cut: | $16,452.50 |
| Total Expenses Cut: | $ 558.36 |

**2.** As set forth in n. 1, *supra,* the fees allocated to backpay and other employment in *Carrero III* were actually $16,452.50, and the expenses were $558.36, not $558.64.

Slip op. at 16. Carrero now seeks the sum of these two amounts, $16,967.39, for attorneys' fees related to her backpay claim.

*Discussion*

■ The principal complaint of the NY-CHA regarding the *Carrero V* finding concerning attorneys' fees and Carrero's request for that amount is that the time records submitted by Sussman and Levy explicitly refer to "back pay" in only a few instances. For example, only 8.75 hours, or less than one-tenth of the 80.80 hours claimed by Levy for work on the final order, are expressly allocated to backpay. Using NYCHA's method, Sussman's time is reduced from the 19.4 hours which were excluded in *Carrero III* as relating to backpay to 1.55 hours. However, although the hours which NYCHA seeks to exclude were not explicitly devoted to backpay, examination of Levy's and Sussman's records indicates that most of these hours were spent work which related to or included work on the backpay issue: for example, many of Levy's hours were spent in preparation of the *proposed order* following *Carrero I,* in which the major point of contention was the backpay claim. Furthermore, to the extent that any of the time spent after August 7 was not devoted to backpay, it was improperly excluded in *Carrero III.*[3] Therefore, most of the time claimed by both Levy and Sussman after the August 7, 1987 ruling will be awarded.

■ However, as in *Carrero III,* inconsistencies in the records of the two counsel will be resolved against them. On several dates, Sussman listed phone calls with Levy which Levy did not record. Time spent on these calls will be deleted from Sussman's fee. Although there is a discrepancy in the length of a meeting held on September 4, 1987 with both counsel and the client—Levy billed two hours, Sussman three—it is believable that the meeting could have taken one lawyer longer than the other, considering travel time and the possibility that Sussman spent some time

with Carrero while Levy was occupied elsewhere.

Therefore, the 19.4 hours of Sussman's time which were excluded in the *Carrero III* calculation will be restored, adjusted to exclude the reported phone calls of September 22, 1987 and December 12, 1987, resulting in a total of 18.85 hours. At the $175 per hour rate, Sussman's fees for work on the backpay claim will amount to $3,298.75. Levy will receive credit for the entire 87.05 hours excluded in *Carrero III* as devoted to backpay and other employment for Carrero, for a total of $13,057.50. The expenses of $558.36 which were excluded in the earlier award will also be restored.

*Conclusion*

For the foregoing reasons, Carrero's motion for entry of an order is granted, with the attorneys' fees adjusted to reconcile the inconsistencies in counsels' records. The corrected amount of the award for attorneys' fees and expenses is $16,914.61. The NYCHA's cross-motion to reduce the attorneys' fees is denied.

It is so ordered.

---

**3.** For example, considering that back pay and reinstatement are related issues and that the December 10, 1987 order of the court granted Carrero the right to reinstatement, any time spent on that issue should have been included the fee award in *Carrero III.*