**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**110–118 RIVERSIDE TENANTS
CORPORATION, Defendant–
Appellant.**

**No. 316, Docket 93–6113.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 22, 1993.

Decided Sept. 28, 1993.

Bernard W. Bell, Asst. U.S. Atty., New York City (Mary Jo White, U.S. Atty. for the S.D.N.Y., Ping C. Moy, Asst. U.S. Atty., New York City, on the brief), for appellee.

Marc J. Luxemburg, New York City (Constantine W. Papas, Snow Becker Krauss, P.C., New York City, on the brief), for defendant-appellant.

Before: MESKILL, KEARSE and WINTER, Circuit Judges.

Per Curiam:

Defendant 110–118 Riverside Tenants Corporation ("Riverside") appeals from so much of an order of the United States District Court for the Southern District of New York, John M. Cannella, *Judge*, as denied Riverside's request for reimbursement of attorneys' fees incurred in successfully litigating its right to reimbursement for legal fees incurred in creating a "common fund" that benefited the government. *See United States v. 110–118 Riverside Tenants Corporation*, 886 F.2d 514 (2d Cir.1989) ("*Riverside I* "), *cert. denied*, 495 U.S. 956, 110 S.Ct. 2560, 109 L.Ed.2d 743 (1990). The district court denied the request on the ground that this Court's ruling in *Riverside I* did not authorize reimbursement of Riverside for any expenses other than those incurred in creating the common fund. On appeal, Riverside principally challenges this interpretation of *Riverside I* and urges that considerations of equity require its reimbursement. Finding no error, we affirm.

The factual background of the present lawsuit is set forth in greater detail in *Riverside I*, 886 F.2d at 516–17, familiarity with which is assumed. Briefly, the Internal Revenue Service filed a lien for unpaid taxes against the owner of an apartment in the Riverside building. A foreclosure action resulted in the government's being awarded judgment on the shares representing the taxpayer's ownership of the apartment. Thereafter, the owner defaulted on the maintenance payments due Riverside; Riverside eventually evicted the owner and, with the approval of the government, sold the apartment. Both the government and Riverside claimed the rights to the proceeds of the sale. The district court originally ruled in favor of the government, rejecting Riverside's claim entirely. In *Riverside I*, we held that, since it was the responsibility of the government to enforce its judgment by collecting the taxes from the sale of the shares, the government should bear the expenses of the eviction and of the sale of the shares (collectively "sale expenses"). Since the efforts of Riverside had created a fund that benefited the government, we modified the judgment of the district court to allow Riverside to recover the sale expenses. *See* 886 F.2d at 520–21.

Thereafter, Riverside urged the district court to award it reimbursement not only for the sale expenses but also for the expenses incurred in litigating its right to recover the sale expenses. The district court rejected this request, and Riverside challenges that ruling. We find no merit in its challenge.

■ The general "American Rule" is that the prevailing party in federal court litigation is not entitled to recover legal fees incurred in the conduct of that litigation. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). The "common fund" principle is an exception that permits a litigant whose efforts created a common fund to recoup its expenses· to the extent that those expenses benefited the fund:

Where a party creates a substantial fund at the behest of and for the benefit of another party, equity requires that the expenses of the creator of the fund be paid out of the fund. "The doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense."

*Riverside I*, 886 F.2d at 521 (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 100 S.Ct. 745, 749, 62 L.Ed.2d 676 (1980) ("*Van Gemert I* ")).

■ The common-fund exception, however, is limited. Expenses incurred by the litigant in the effort to recover its fund-benefiting expenses, or to establish its own priority to the fund, must be borne by that litigant. *See Peter Fabrics, Inc. v. S.S. Hermes*, 765 F.2d 306, 317 n. 5 (2d Cir.1985) ("*Peter Fabrics* "); *City of Detroit v. Grinnell Corp.*, 560 F.2d 1093, 1102 (2d Cir.1977) ("*Grinnell* "). In *Grinnell*, we held that while attorneys whose efforts had created a common fund in class-action litigation were

entitled to reimbursement for those efforts, they were not entitled to payment for their efforts in preparing and litigating their applications for that reimbursement. We concluded that equitable principles did not require reimbursement with respect to any expense that did not benefit the common fund. *See id.* at 1102 (approving reimbursement only for "services actually conferring a benefit" on the fund). In *Peter Fabrics,* we held that an indemnitee, though entitled to indemnification, was not entitled to recover the expense of establishing the indemnity obligation. We observed that the indemnitee was similar to one who created a common fund, and that

> courts have refused to award fees for services in connection with the fee application where fees are recovered under the "common fund" or "common benefit" exceptions to the rule against fee shifting; the courts have reasoned that fees are recoverable in such cases on the theory that the attorney's services benefitted the plaintiff class while services performed in connection with the fee application confer no such benefit.

765 F.2d at 317 n. 5.

Riverside's reliance on a district court decision cited in the *Peter Fabrics* footnote, *Van Gemert v. Boeing Co.,* 516 F.Supp. 412 (S.D.N.Y.1981) ("*Van Gemert II*"), for the proposition that the common-fund exception to the American Rule is not limited to reimbursing expenses that benefited the fund, is misplaced. In *Van Gemert II,* the district court noted that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole"; the court denied the fee application of "petitioners [who] have done nothing to benefit the plaintiff class." 516 F.Supp. at 415. The court made it plain that all of the fees awarded in *Van Gemert II* were based on the "clear" "benefit which the plaintiff class received at each stage of th[e] litigation[ ] as a direct result of [the] petitioners' efforts." *Id.* at 419.

Riverside also relies on *Sprague v. Ticonic National Bank,* 110 F.2d 174 (1st Cir.1940), in which the First Circuit recognized a litigant's right to recover not only its expenses incurred in creating a common fund but also its expenses incurred in litigation to establish that right. To the extent that this represents the law of the First Circuit, it differs from the law of this Circuit as set out in the cases described above and adhered to today.

## CONCLUSION

We have considered all of Riverside's contentions on this appeal and have found them to be without merit. The order of the district court is affirmed.