**Mary Ann LUCIANO, Plaintiff,**

v.

**The OLSTEN CORPORATION, Frank N. Ligouri, Gordon J. Bingham and Martin Gelerman, Defendants.**

No. CV 93–4953.

United States District Court, E.D. New York.

May 14, 1996.

Janice Goodman by Janice Goodman, Loren Gosinsky, New York City, for Plaintiff.

Mayer, Brown & Platt by Gary Friedman, Harvey Sanders, New York City, for Defendants.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

In this gender discrimination in employment action, the plaintiff Mary Ann Luciano (the "plaintiff" or "Luciano"), moves for an award of attorneys fees and costs, pursuant to § 42 U.S.C. 2000e–5(k). Familiarity with the procedural history and facts of this case as set forth in the Court's prior decisions is presumed.

## DISCUSSION

### A. Prevailing party

■ "The general 'American Rule' is that the prevailing party in federal court litigation is not entitled to recover legal fees incurred in the conduct of that litigation." *United States v. 110–118 Riverside Tenants Corp.,* 5 F.3d 645, 646 (2d Cir.1993) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616–17, 44 L.Ed.2d 141 (1975)). However, the statute governing employment discrimination actions provides:

> In any action or proceeding under this subchapter the court, in its discretion may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e–5(k); *see also Fisher v. Vassar College,* 70 F.3d 1420, 1453 (2d Cir.1995) ("only a 'prevailing party' may recover attorneys fees and costs in a civil rights action").

■ On November 9, 1995, following a month-long trial, the jury returned a verdict in favor of Luciano and awarded her damages in the following amounts: compensatory damages of $150,714.00 for back pay including salary and bonuses, emotional distress damages in the sum of $11,400.00, other expenses in the sum of $17,713.00 and punitive damages in the sum of $5,000,002.00. In a Memorandum Decision dated January 27, 1996, as amended by the Court's Order dated January 29, 1996, the Court (1) denied the defendants' motion pursuant to Fed.R.Civ.P. 50 for judgment as a matter of law or a new trial, finding that the verdict with regard to liability and damages was supported by the evidence; (2) denied the defendants' motion to vacate the punitive damage award, but reduced the $5,000,002.00 sum to the statutory cap of $300,000.00, pursuant to 42 U.S.C. § 1981a(b)(3)(D); and (3) granted the plaintiff's motion for prejudgment interest. The verdict, which favored the plaintiff on all claims, clearly establishes that the defendants' conduct with regard to the plaintiff's employment violated rights secured by Title VII and the New York Human Rights Law. Based on the favorable outcome that the plaintiff achieved on each cause of action, the Court finds that the plaintiff is a prevailing party in this action and is entitled to attorneys fees and costs. Accordingly, the Court will determine the appropriate award.

### B. Calculation of attorney's fees

The plaintiff's counsel sets forth the following figures in support of her claim for legal fees incurred in prosecuting the case to its favorable conclusion:

| | | | | | |
|---|---|---|---|---|---|
| Janice Goodman | 755.30 hours | @ | $325/hour | = | $245,472.50 |
| Loren Gesinsky | 1,321.91 hours | @ | $175/hour | = | $231,334.25 |
| Jill Raymond | 85.00 hours | @ | $ 75/hour | = | $ 6,382.50 |
| **Total** | **2,162.21 hours** | | | | **$483,189.25** |

Affidavit of Janice Goodman in Support of Motion for Attorneys' Fees, at 1 (as corrected, the requested compensation for Ms. Raymond would equal the sum of $6,375.00 and the total requested fees would equal the sum of $483,181.75).

Janice Goodman, Esq. is a partner in the law firm of Goodman & Zuchlewski. While this action was pending, Loren Gesinsky was an associate with the firm and Jill Raymond was a third year law student. In addition, the plaintiff's counsel also seeks an upward adjustment of the fees set forth above based on (1) her inability to perform work on other matters for two months prior to and during the trial; (2) the level of success achieved; (3) the contingency fee arrangement and (4) the "undesirability" of the case. *See Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir.1974).

■ The amount of an award of attorney's fees in a civil case is determined by the "lodestar" method. *Blanchard v. Bergeron,* 489 U.S. 87, 109 S.Ct. 939, 945, 103 L.Ed.2d 67 (1989); *Cruz v. Local Union No. 3 of the International Brotherhood of Electrical*

*Workers,* 34 F.3d 1148, 1159 (2d Cir.1994). That method initially estimates the amount of the fee award by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 563, 106 S.Ct. 3088, 3097, 92 L.Ed.2d 439 (1986). A reasonable attorneys fee is,

> one calculated on the basis of rates and practices prevailing in the market, *i.e.,* "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation," and one that grants the successful civil rights plaintiff a "fully compensatory fee," comparable to what "is traditional with attorneys compensated by a fee-paying client."

*Missouri v. Jenkins,* 491 U.S. 274, 286, 109 S.Ct. 2463, 2470, 105 L.Ed.2d 229 (1989) (citation omitted); *see also Blum v. Stenson,* 465 U.S. 886, 895–96 & n. 11, 104 S.Ct. 1541, 1547 & n. 11, 79 L.Ed.2d 891 (1984).

■ The product of reasonable hours times a reasonable rate does not end the inquiry. "There remain other considerations that may lead the district court to adjust the fee upward or downward." *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983). In considering an adjustment to the lodestar calculation in order to arrive at a "reasonable" amount of an award of attorney's fees in a civil rights case, the district court may consider the twelve factors set forth by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc., supra,* 488 F.2d at 717–719. These factors are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.*

■ However, many of these factors are subsumed within the initial lodestar calculation. Thus, in *Blum, supra,* 465 U.S. at 898–900, 104 S.Ct. at 1548–50, the Supreme Court held that the novelty and complexity of the issues, the quality of representation, the special skill and experience of counsel, and the results obtained are factors fully reflected in the lodestar calculation and cannot serve as independent bases for adjusting the basic fee award. *See also, Delaware Valley Citizens' Council,* 478 U.S. at 564–65, 106 S.Ct. at 3097–98; *United States Football League v. National Football League,* 887 F.2d 408, 415 (2d Cir.1989), *cert. denied,* 493 U.S. 1071, 110 S.Ct. 1116, 107 L.Ed.2d 1022 (1990).

■ In determining the specific amount of an attorney's fee, the prevailing parties "are entitled to reasonable hourly rates which fall within the prevailing marketplace rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Cruz, supra,* 34 F.3d at 1159; *New York State Nat'l Org. for Women v. Terry,* 737 F.Supp. 1350, 1361 (S.D.N.Y.1990) (citation omitted), *aff'd in part, rev'd in part on other grounds,* 961 F.2d 390 (2d Cir.1992). In determining the lodestar figure, the "community" to which the district court should look is the district in which the court sits. *Cruz,* 34 F.3d at 1159.

■ The Court has reviewed the applicable law in this Circuit and has determined that, based upon the type of work performed and the experience of the attorneys the following maximum rates are fair and reasonable: for partners, $200 per hour; for associates, $135 per hour, although that rate may vary based on the experience and expertise of the individual. *See e.g., Cabrera v. Fischler,* 814 F.Supp. 269, 288 (E.D.N.Y.1993), *aff'd in relevant part,* 24 F.3d 372 (2d Cir. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 205, 130 L.Ed.2d 135; *Cruz v. Local Union No. 3,* 150 F.R.D. 29 (E.D.N.Y.1993), *aff'd in relevant part,* 34 F.3d 1148 (2d Cir.1994); *Nu–Life Constr. Corp. v. Board of Educ.,* 795 F.Supp. 602, 606 (E.D.N.Y.1992), *aff'd in relevant part,* 28 F.3d 1335, 1342 (2d Cir.1994);

see also N.Y. State Assoc. of Realtors v. Shaffer, 898 F.Supp. 128 (E.D.N.Y.1995); Stryker Corp. v. Intermedics Orthopedics, Inc., 898 F.Supp. 116 (E.D.N.Y.1995); Kirschner v. Zoning Bd. of Appeals, 159 F.R.D. 391 (E.D.N.Y.1994). These rates have been upheld in the Second Circuit as within the scope of the Court's discretion to impose. See Cruz, supra, 34 F.3d at 1160; Nu–Life, 28 F.3d at 1342; Cabrera, 24 F.3d at 393. See also Huntington Branch NAACP v. Town of Huntington, 749 F.Supp. 62, 65 (E.D.N.Y.1990) (rates of $135–$225 per hour appropriate in housing discrimination case, where counsel performed "extremely ably" and have experience in civil rights cases).

The amount of an award, however, must ultimately be determined on the facts of the particular case. Hensley, supra, 461 U.S. at 429, 103 S.Ct. at 1937–38. In this case, based on the difficulty of the issues presented, the years of experience and expertise of the plaintiff's attorney in the field of employment law, and the extent of the success achieved, the Court determines that an hourly rate of $225.00 is reasonable for Ms. Goodman's time. This finding is limited to the circumstances of this case and should not be construed as a departure from the hourly fees, stated above, previously determined by this Court to be reasonable compensation. The Court declines to enhance this hourly rate because the factors that Ms. Goodman argues will support an upward adjustment of her hourly rate have been considered in determining the lodestar figure. See Blum, supra, 465 U.S. at 898–900, 104 S.Ct. at 1548–1549.

Additionally, the time of a law student is also compensable in an award of attorney's fees. Missouri v. Jenkins, supra, 491 U.S. at 285–86, 109 S.Ct. at 2470–71; United States Football League, supra, 887 F.2d at 416. The Court will compensate plaintiff's counsel for the work performed by their law student clerk at the same rate as a paralegal, namely, $50 per hour. See Stryker, supra, 898 F.Supp. at 126; Kirschner, supra, 159 F.R.D. at 398; see also Bourgal v. Atlas Transit Mix Corp., 1996 WL 75290 (E.D.N.Y. Feb. 7, 1996) (paralegal work compensated at $50.00 per hour).

Accordingly, the billing time of Ms. Goodman will be compensated at a rate of $225.00 per hour, based on her twenty-three years of experience, her extensive expertise in the area of employment discrimination law, the difficulties involved in the preparation and trial of this case and the significant success achieved. The time of Mr. Gesinsky, who served the law firm in the capacity of a fourth and fifth year associate during the pendency of this action, will be compensated at a rate of $135.00 per hour. In addition, the Court approves a $50.00 per hour rate for the services of Ms. Raymond, who was a third year law student at the time of her work on this case. In summary, the Court approves the following hourly rates:

| | |
|---|---|
| Janice Goodman | $225.00/hour |
| Loren Gesinsky | $135.00/hour |
| Jill Raymond | $ 50.00/hour |

### C. Contemporaneous time records

Central to an application for attorney's fees is the submission of time records reflecting the hours expended by counsel in pursuing the successful claims of their client. In order for a party to recover attorney's fees, such time records must be made contemporaneously with the associated work. Lewis v. Coughlin, 801 F.2d 570, 577 (2d Cir.1986). It is not necessary for the applicant to submit the actual diary entries made by the attorneys at the time they perform the work. Rather, reconstruction of such contemporaneous records on a computer and billing based on these records is adequate. Cruz, supra, 34 F.3d at 1160. What is important is that "[t]hese records should specify, for each attorney, the date, the hours expended, and the nature of the work done." New York State Ass'n for Retarded Children Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). "The burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the full amount requested." F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir.1987) (applying New York State law and noting that the Second Circuit rule is similar

to that of New York); *see also Soler v. G & U Inc.*, 801 F.Supp. 1056 (S.D.N.Y.1992).

### D. *Disputed entries*

■ The plaintiff's counsel has submitted computerized billing records of contemporaneously maintained daily time sheets, which describe each task, identify the attorney and indicate the time spent in tenths of hours. The defendants contend that certain of the entries are inadequately documented to permit the Court to analyze the necessity of the tasks. With regard to the allegedly vague entries relating to work by Janice Goodman, the Court finds that 1.9 hours for 'review of file' upon taking the case in early January 1994 and 2.5 hours for 'review of file' in preparation of attorney fee application is adequately descriptive for purposes of this fee application. Similarly, working hours designated by Ms. Goodman as 'trial preparation' immediately preceding and during the month long trial in this action are sufficiently described to permit the Court to understand the nature of the work.

■ The defendants also contend that certain of the hours reported by Loren Gesinsky, Ms. Goodman's associate, are vague and nondescript. With regard to these hours, the Court finds that the descriptions for hours expended during the months of September, October and November of 1995, are sufficient to indicate the nature of Mr. Gesinsky's work relating to the trial in this action. The defendants challenge as overly vague the descriptions "review and analysis" for hours billed by Mr. Gesinsky. The Court notes that these entries are followed by a second line describing the matter to which the review and analysis related and finds that the descriptions are adequately specific. The Court also finds that Mr. Gesinsky's entries for telephone conversations are satisfactory.

In sum, the Court finds that ·the entries challenged as overly vague by the defendants are sufficiently identified to permit review by the Court. Accordingly, the Court will not reduce the requested hours for lack of sufficient description.

■ Nor does the Court agree with the defendants that time spent in depositions that were not ultimately used at the trial should be excluded. In the Court's view, the depositions taken by the plaintiff were relevant to the litigation. *See e.g., Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir.1991). Similarly, the Court declines to exclude hours expended in preparation of motions that were not granted, in light of the ultimate success of the plaintiff in this action. *See Hensley, supra*, 461 U.S. at 435, 103 S.Ct. at 1941. Finally, in the Court's view the plaintiff's counsel is entitled to compensation for reasonable time spent preparing and defending her fee application. *See Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir.1979), *aff'd*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *Donovan v. CSEA Local Union 1000*, 784 F.2d 98, 106 (2d Cir.), *cert. denied*, 479 U.S. 817, 107 S.Ct. 74, 93 L.Ed.2d 30 (1986).

■ Each party draws the Court's attention, in great detail, to instances in which it contends that the other needlessly multiplied the hours spent on this case by uncooperative or obstructive conduct. The Court agrees that this litigation was characterized by a notably high level of contentiousness and lack of cooperation that resulted in excessive requests for Court intervention and increased the number of hours spent on the case by the attorneys. The Court was surprised and distressed at the amount of time and energy that each attorney spent criticizing the conduct of the other. While it is not clear that one party or the other was to blame for the contentious nature of any particular event or of the litigation in general, it is clear that both lead attorneys contributed to the highly antagonistic atmosphere that pervaded every aspect of the litigation. The Court declines to compensate counsel for the plaintiff for her share of this unnecessary and stressful litigation.

The Court agrees with the defendants that thirty per cent of the effort expended by the attorneys in this action could have been avoided. However, the plaintiff's counsel should not bear the entire burden of what was the product of the conduct of both lead attorneys. Accordingly, the Court finds that

it is appropriate to reduce the requested hours by 15%, as set forth below.

E. *Compensation for the work of Janice Goodman, Esq.*

██ Janice Goodman seeks reimbursement for 755.30 hours of work relating to this action. The total hours for which she seeks compensation includes 61 hours of travel time. There is precedent that travel time is reasonably compensable at 50% of the hourly rate awarded. *See e.g., Cruz, supra,* 34 F.3d 1148, 1151 (2d Cir.1994) (citing *Jennette v. City of New York,* 800 F.Supp. 1165, 1170 (S.D.N.Y.1992)). Therefore, the Court finds that Ms. Goodman should be reimbursed for the 61 hours she reports as travel time at the rate of $112.50/hour.

The defendants have presented a detailed analysis of specific entries they contend are unreasonable and non-compensable. The plaintiff's counsel defends the relevance and necessity of this work. As discussed above the Court declines to exclude (1) time for depositions and motions that the defendants characterize as unnecessary, or (2) time spent by Ms. Goodman in preparing the fee application.

Subtracting 61 hours of travel time from the 755.30 hours reported by Ms. Goodman, leaves a remainder of 694.30 hours for which Ms. Goodman would be compensated at the rate of $225.00. For the reasons stated above, the Court reduces the requested hours by 15%. Accordingly, the Court approves compensation for 590.15 hours for Janice Goodman, Esq. at the rate of $225.00.

Based on the foregoing the Court finds that Ms. Goodman is entitled to the following compensation:

| | |
|---|---|
| 61.00 hours @ $112.50/hour = | $ 6,862.50 |
| 590.15 hours @ $225.00/hour = | $132,783.75 |
| Total for Ms. Goodman | $139,646.25 |

F. *Compensation for the work of Loren Gesinsky, Esq.*

The plaintiff's counsel seeks reimbursement for 1,321.91 hours of work by Loren Gesinsky, who is described as a fourth and fifth year associate of the law firm of Goodman & Zuchlewski. As discussed above, the Court finds that the records adequately document the work that was performed and

declines to reduce the number of hours based on the defendant's argument that the entries are too vague. In addition, as discussed above, the Court determines that $135.00 per hour is a reasonable rate of compensation for substantive legal work of an associate of Mr. Gesinsky's experience.

*Travel time*

Mr. Gesinsky's billing entries include hours for time spent travelling. The plaintiff's counsel did not identify a total figure for travel time in the fee application. Although she disagrees with the defendants' argument that this travel time is not compensable, the plaintiff's counsel does not dispute the defendants' conclusion that 49.25 hours were designated as travel time. The Court has reviewed the time sheets and agrees that this is a reasonable estimate. The Court will approve reimbursement for 49.25 hours travel time for Mr. Gesinsky at a rate equal to one half of Mr. Gesinsky's hourly rate of $135.00, or $67.50 per hour. Accordingly, $3,324.38 is approved for travel time for Mr. Gesinsky.

*Trial days*

██ The Court notes that Mr. Gesinsky's entries include hours for attending jury selection and the trial in this action. While the Court has some doubt as to the need for two trial attorneys in a single plaintiff case of this nature, the Court cannot say that Mr. Gesinsky's attendance was unnecessary in this particularly difficult and vigorously contested case. Accordingly, the Court will approve compensation for one half of the hours that Mr. Gesinsky reported that he accompanied Ms. Goodman for jury selection and trial. *See Cruz v. Local Union No. 3,* 1995 WL 374401, *9 (E.D.N.Y. Feb. 17, 1995). Reviewing the billing sheets and subtracting travel time on those days, the Court computes that approximately 114 hours were reported by Mr. Gesinsky for time spent in Court as second counsel for jury selection, trial days and the charge conference. Therefore, the Court awards counsel fees for 57 of Mr. Gesinsky's hours in this category.

*Non-legal work*

██ Mr. Gesinsky has reported approximately 45.9 hours for work that the defen-

dants identify as "clerical," such as cite checking, file organization, telephone calls to the Clerk of the Court and proofreading. Although the plaintiff's counsel objects to the characterization of this work as "clerical," she makes the following comments regarding reimbursement for the tasks involved:

> Possibly some of these jobs would be handled by a paralegal or first year lawyer if I were a member of a wealthy law firm. Certainly the hours that were spent on these details were necessary and reasonable. At worst, the court should compensate for Mr. Gesinsky's time at a lower hourly rate.

Counsel's Reply Affidavit in Support of Application for Attorneys' Fees, at 11.

In the Court's view, it is not reasonable to reimburse Mr. Gesinsky's time for these matters at the same rate as that approved for substantive legal work. Accordingly, the Court grants reimbursement for the 49.5 non-legal work hours at the rate that a paralegal would be paid, namely $50.00 per hour.

### Conferences with Ms. Goodman

The defendants contend that hours recorded by Mr. Gesinsky for conferring with Ms. Goodman should be excluded because they do not also appear on Ms. Goodman's billing sheets. In support of this argument, the defendants cite *Carrero v. New York City Housing Authority*, 685 F.Supp. 904, 909 (S.D.N.Y.1988), *aff'd in part, rev'd in part on other grounds*, 890 F.2d 569 (2d Cir.1989), which states that "inconsistencies in the attorneys' records will be cut, for example telephone calls one claims to have made to the other that do not appear in the other's records." In the Court's view, the fact that Ms. Goodman did not seek reimbursement for time spend conferring with and supervising the work of her associate does not indicate the type of "inconsistencies" contemplated by *Carrero*. Indeed, while recognizing the need for conferences between attorneys working on a particular litigation, the Court would be reluctant to approve reimbursement for both attorneys' time had it been sought. Accordingly, the Court declines to exclude Mr. Gesinsky's entries for time spent conferring with Ms. Goodman.

### Substantive legal work

Of the 1,321.91 hours recorded by Mr. Gesinsky, it appears that 1,169.76 represent time spent on legal work. This reflects a reduction of 49.25 hours for travel; 45.9 hours for non legal work; and 57 hours for time as the second attorney at trial. As discussed above, the Court declines to reduce the hours that the defendants characterize as vague or unnecessary because they were spent on motions that were unsuccessful, depositions that were not used at trial and the fee application. However, as further noted above, the Court believes that a 15% reduction of these hours is appropriate. Accordingly, the remaining 1,169.79 hours reported by Mr. Gesinsky are reduced by 15%, so that 994.29 hours will be approved for reimbursement at the hourly rate of $135.00.

### Summary for associate hours

| | | |
|---|---|---|
| 994.29 hours @ $135.00 = | $134,229.15 | |
| 45.9 hours @ $ 50.00 = | $ 2,295.00 | (non-legal work) |
| 49.25 hours @ $ 67.50 = | $ 3,324.38 | (travel) |
| Total | $139,848.53 | |

### G. Compensation for the work of Jill Raymond, law student

The defendants do not contest the 85 hours reported for the work of a third year law student, Jill Raymond. The Court has determined that a compensation rate of $50.00 per hour is reasonable for the work of a law student. In addition, the Court finds that the same 15% reduction used to calculate the number of hours to be approved for Ms. Goodman and Mr. Gesinsky is appropriately applied to the time of Ms. Raymond, for the reasons stated above. Accordingly, the Court approves compensation for 85 hours, of Ms. Raymond's time at a rate of $50.00 per hour, or $4,250.00, which shall be reduced by 15%, for a total of $3,612.50.

### H. Reimbursement for costs and disbursements

Reasonable out-of-pocket expenses incurred by an attorney and normally charged fee paying clients may be awarded by the Court on a fee application. *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F.2d 278, 283 (2d Cir.1987). The plaintiff's counsel seeks reimbursement for the following costs:

| | |
|---|---|
| Filing Fee | $ 125.00 |
| Deposition transcripts | 29,244.15 |
| Subpoenas and witness fees | 2,111.00 |
| Trial transcripts | 4,533.00 |
| Conference transcripts | 277.00 |
| Trial graphics | 407.00 |
| Travel Expenses | 525.50 |
| Photocopies | 5,131.88 |
| Facsimile | 551.00 |
| Federal Express & Oversize Pkg. | 432.77 |
| Westlaw | 1,652.10 |
| Messenger Service | 200.75 |
| Toll Telephone | 306.61 |
| Parking | 112.00 |
| Hotel (2 trial nights) | 218.00 |
| | |
| TOTAL | $45,827.76 |

In the Court's view, the expenses reported by the plaintiff's counsel are reasonable with the exception of the photocopying, which the Court finds excessive, and the hotel charges, which the Court finds unnecessary given the proximity of the Long Island Court House to the plaintiff's counsel's office in Manhattan. Accordingly, the Court reduces the photocopying fees by 50% to $2,565.94 and excludes the hotel room expenses of $218.00.

Based on the foregoing, the Court approves reimbursement for costs and disbursements of $43,043.82.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED, that judgment is granted in favor of the plaintiff against the defendants for attorneys fees received by the law firm of Goodman & Zuchlewski in the amount of $283,107.28, and costs and disbursements in the amount of $43,043.82, in the total sum of $326,151.10.

SO ORDERED.