**Angela M. ROBINSON, Plaintiff,**

v.

**INSTRUCTIONAL SYSTEMS, INC., Defendant.**

**No. 96 CIV 8356 CBM.**

United States District Court, S.D. New York.

July 18, 2000.

Louie Nikolaidis, Lewis, Greenwald, Clifton & Lewis, P.C., New York, NY, for Angela M. Robinson.

### MEMORANDUM OPINION

MOTLEY, District Judge.

**I. Background**

Plaintiff, Angela Robinson, filed this action against her former employer, Instruc-

tional Systems, Inc., alleging discrimination on the basis of race and/or national origin, in the terms of her employment and termination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the New York State Human Rights Law, Executive Law § 296, and the Administrative Code of the City of New York § 8–107(a). In a decision dated March 19, 1999, Judge Wood granted summary judgment in favor of defendants as to all claims except Ms. Robinson's retaliatory termination claim. A jury trial was held on the retaliatory termination claim from January 4, 2000 until January 7, 2000. The jury found for the plaintiff, awarding her $23,000.00 in damages. In a January 25, 2000 ruling, the court awarded prejudgment interest, denied plaintiff's request for punitive damages and determined that plaintiff is entitled to attorneys' fees and costs for work related to the retaliatory termination claim. An amended judgment in the amount of $30,607.47 was filed in the Clerk's Office on February 14, 2000.

On May 2, 2000, a hearing on attorneys' fees and costs was held before this court. Plaintiff claims that she is entitled to $131,393.75 in attorneys' fees and paralegal fees, plus $3,406.59 in costs. Defendant argues that plaintiff is entitled to $10,202.46 in attorneys' fees and costs, one-third of the $30,607.37 awarded to plaintiff in this action.

## II. Findings of Fact and Conclusions of Law

■ The court, in its January 25, 2000 Memorandum Opinion, has held that plaintiff is the prevailing party and is therefore entitled to attorneys fees under 42 U.S.C. § 2000e–5(k). Once the entitlement to an attorneys' fee award is established, the court must calculate a "reasonable fee" amount to award the prevailing party. Although the amount of attorneys' fees awarded "is a factual issue whose resolution is committed to the discretion of the district court" *Saulpaugh v. Monroe Community Hospital,* 4 F.3d 134, 145 (2d Cir. 1993), the Second Circuit has established a

two-step approach for calculating such awards. First, the court must calculate the lodestar figure by " 'multiplying the number of hours expended by each attorney involved in each type of work on the case by the hourly rate normally charged for similar work by attorneys of like skill in the area.' " *Cohen v. W. Haven Bd. of Police Comm'rs,* 638 F.2d 496, 505 (2d Cir.1980) (quoting *Detroit v. Grinnell Corp.,* 560 F.2d 1093, 1098 (2d Cir.1977)). In calculating the lodestar figure, "a different rate of compensation may well be set for different types of litigation tasks." *Id.* As for the second step, the court may adjust the lodestar figure "upward or downward to take account of such subjective factors as the risk and complexity of the litigation and the quality of the representation." *Id.*

## A. The Lodestar Figure

### 1. Reasonable Hours

■ "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Hence, "[t]he district court...should exclude from this initial fee calculation hours that were not 'reasonably expended.' " *Id. (citations omitted ).* Additionally, time records should enable the court to determine whether or not the amount of time spent on particular tasks was reasonable. "The burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the full amount requested." *F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1265 (2d Cir.1987).

*Louie Nikolaidis*

Plaintiffs' attorneys claim that 418.20 hours of Louie Nikolaidis' time was spent working on the retaliatory termination claim. The court finds that this request is excessive and is based on vague time records.

Of the 418.20 hours requested, 250.75 hours include time spent on the following: (1) drafting the complaint, (2) client conferences (3) drafting trial-related documents, (4) discovery, (5) in-court appearances, (6) depositions and (7) drafting summary judgment papers. Much of the time spent on discovery, client conferences, drafting the complaint, in-court appearances, depositions and summary judgment papers was indubitably spent on the unsuccessful claims, as these originally comprised the majority of issues involved in the lawsuit. Although the court acknowledges that to some degree, the work on unsuccessful claims is related to the retaliatory termination claim, this does not justify reimbursing plaintiff for all of the time spent on the unsuccessful claims.

Furthermore, Mr. Nikolaidis is an experienced attorney, with 15 years experience in employment discrimination litigation. This case involved a typical Title VII claim. The trial took only four days and involved the examination of one witness. Thus, 250.75 hours would be an excessive amount of time for an attorney of Mr. Nikolaidis' experience to spend in preparation for the trial. Therefore, the court finds that only 50% of these hours, 125.375 hours could have been reasonably related to the retaliation claim.

As for the remaining 167.45 hours, the time entries are too vague for this court to determine whether the amount of time spent on particular tasks was reasonable. Many of these entries involve descriptions such as "preparation for trial" and "telephone call with..." or "correspondence with..." Such entries are simply insufficient to allow the court to determine the nature of the tasks performed and the amount of time reasonably required to per-

form those tasks. Thus, to account for these vague time entries, the court finds that only 50% of the remaining 167.45 hours recorded, 83.725 hours, could have been reasonably related to the retaliation claim.

Accordingly, as to the application for fees related to Louie Nikolaidis' work, the court finds that Mr. Nikolaidis is entitled to fees for 209.10[1] hours of work.

*Hope Pordy*

As to Hope Pordy, plaintiff's application seeks fees for 142.25 hours of work by Ms. Pordy. The court finds that this claim is excessive and is based on vague and duplicative time entries.

Of the 142.25 hours recorded, 69.25 hours were devoted to the following: (1) reviewing trial-related documents, (2) researching New York human rights laws and jury charges, (3) drafting summary judgment documents and (4) editing or drafting trial-related documents. Just as with Mr. Nikolaidis, some of this time was likely devoted to the unsuccessful claims, although to a lesser degree for Ms. Pordy, who did not become involved in the case until June 25, 1998, almost two years after Mr. Nikolaidis began work on the case, on September 26, 1996. Additionally, although Ms. Pordy is a less experienced attorney than Mr. Nikolaidis, with only four years of litigation experience, several of the Ms. Pordy's time entries were excessive. For instance, Ms. Pordy's claim of 11 hours researching jury charges and 16 hours reviewing documents. Therefore, the court finds that 60% of these hours, 41.55 hours, could have been reasonably related to the retaliation claim.

With respect to the remaining 73 hours, the time entries are too vague for the court to determine whether the amount of time spent on particular tasks was reasonable. In many instances, Ms. Pordy's time entries attribute multiple tasks to the same time segment. In addition, many of the entries include vague descriptions,

---

1. The sum of 125.375 hours and 83.725 hours is 209.100 hours.

such as "preparation for trial," "research," or "correspondence with…" Some of these vague time entries also include unnecessary and duplicative work. For instance, Ms. Pordy includes entries for at least 44 hours of trial appearances and meetings with Mr. Nikolaidis. In a simple case such as this, it was unnecessary to have both an experienced partner and a less-experienced associate present at trial. *See, e.g., Dailey v. Societe Generale*, 915 F.Supp. 1315, 1327–28 (S.D.N.Y.1996), *Luciano v. Olsten*, 925 F.Supp. 956, 965 (E.D.N.Y.1996). Furthermore, it would be duplicative and excessive to reimburse plaintiff for hours spent in conferences between two attorneys in the same firm. *See Luciano*, 925 F.Supp. at 966. Therefore, between the vague and duplicative entries, the court finds that 30% of the remaining 73 hours, 21.90 hours, reflect a reasonable amount of time spent on the retaliation claim.

Accordingly, the court finds that Ms. Pordy is entitled to fees for 63.45 [2] hours of work.

### Daniel Clifton

Plaintiffs seek compensation for three hours of time spent by Daniel Clifton for editing a Memorandum of Law on July 2, 1998. Some of this time was certainly related to the unsuccessful claims. Therefore, the court finds that 66.7% of this time was reasonably related to the retaliation claim, leaving Clifton with two hours of compensable time.

### 2. Reasonable Hourly Rate

■ In determining the reasonable hourly rate in an attorneys fee application, the District Court must first determine "the prevailing market rates in the relevant community." *Chambless v. Masters, Mates and Pilots Pension Plan*, 885 F.2d 1053, 1058 (2d Cir.1989), citing *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). An hourly rate is reasonable if "the requested rates are in line with those prevailing in the community for similar services by lawyers of rea-

sonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. at 896 n. 11, 104 S.Ct. 1541.

### Louie Nikolaidis

Plaintiff seeks an hourly rate of $250 for Louie Nikolaidis. Mr. Nikolaidis is a January 1985 graduate of Rutgers–Newark School of Law who was admitted to practice law in New York and New Jersey in 1985. Mr. Nikolaidis has been an employment law and employment discrimination litigator since 1986. The requested hourly rate of $250 is reasonable and in line with counsel fee awards in the community. *See, e.g., Losciale v. Port Authority of New York and New Jersey*, 1999 WL 587928, *8 (S.D.N.Y.1999) (awarding hourly rate of $250 for employment discrimination attorney admitted in 1984); *Gavin–Mouklas v. Information Builders, Inc.*, 1999 WL 728636 (S.D.N.Y.) ("the acceptable range seems to be between $200 and $300," *Id.* at *5). Therefore, the court will calculate Louie Nikolaidis' fee at a rate of $250.00 per hour, with the exception of trial appearances, which will be compensated at a rate of $300.00 per hour.

### Hope Pordy

Plaintiffs seek an hourly rate of $175 for Hope Pordy. Ms. Pordy is a 1994 graduate of Fordham University School of Law who was admitted to the bars of New York and New Jersey in 1995. Ms. Pordy worked for two and one-half years as a staff attorney for a union and one year as a staff attorney for a public interest research group prior to becoming an associate at Lewis, Greenwald, Clifton & Nikolaidis, where she has been an associate since January 1998. Altogether, Ms. Pordy only had between four and five years of experience while she was working on the instant case, the requested hourly rate of $175 is reasonable and in line with counsel fee awards in the community. *See, e.g., Losciale v. Port Authority of New York and New Jersey*, 1999 WL 587928, *8 (S.D.N.Y.1999) (employment discrimina-

---

**2.** The sum of 41.55 hours and 21.90 hours is 63.45 hours.

tion case awarding hourly rate of $175 for counsel admitted in 1996); *Greenbaum v. Svenska Handelsbanken,* 998 F.Supp. 301, 304 ("given [the attorney's] relative inexperience with this type of litigation, coupled with the lack of necessity for two experienced senior attorneys to have tried this case, $200/hr is a reasonable rate," *Id.*). Therefore, the court finds that $175 is a reasonable hourly rate for Hope Pordy.

### Daniel Clifton

Plaintiff seeks fees at an hourly rate of $300 for Daniel Clifton's three hours of work. Daniel Clifton is a 1977 graduate of Northeastern University School of Law and was admitted to the New York State Bar in 1978. Since that time, Mr. Clifton has litigated primarily in the field of labor law and employee rights. Mr. Clifton is a member of several unions in the New York area and has taught labor law at Rutgers University. The requested hourly rate of $300 is in line with counsel fee awards in the community. *See, e.g., Ginsberg v. Valhalla Anesthesia,* 1998 WL 19997 (S.D.N.Y.) (finding that "a rate of $300 per hour is reasonable for a lead attorney of [her] stature and experience." *Id.* at *2). Therefore, the court finds that $300 is a reasonable hourly rate for Daniel Clifton.

### 3. Initial Lodestar Figure

Based on the reasonable hours and reasonable rates as determined above, the court calculates the initial lodestar figure to be $65,978.75, arrived at on the following basis:

(1) Fees for Louie Nikolaidis at an hourly rate of $250 for 169.10 hours of out-of-court time plus fees at an hourly rate of $300 for 40 hours of trial appearances[3], in the amount of $54,275.00;

(2) Fees for Hope Pordy at an hourly rate of $175 for 63.45 hours of work, in the amount of $11,103.75;

(3) Fees for Daniel Clifton at an hourly rate of $300.00 for 2 hours of work, in the amount of $600.00.

### B. Adjustment for Limited Success

"Where 'a plaintiff has achieved only partial or limited success,' full compensation for attorney's fees would not be reasonable. The district court may either 'attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.'" *United States Football League v. National Football League,* 887 F.2d 408, 414 (2d Cir.1989) (*citations omitted*) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 436–437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). In the instant case, plaintiff Robinson asserted claims of race discrimination and retaliation, seeking $1,000,000.00 in compensatory damages, back pay, front pay and punitive damages. Robinson did not prevail on her race discrimination claim, did not prevail on her punitive damages claim, and was awarded only $17,000.00 in back pay and $6,000.00 in compensatory damages. Considering that the primary claim asserted by plaintiff was defeated, and that her ultimate recovery was more than 40 times less than the damages sought, the court adjusts the lodestar amount downward to account for the limited success in this action. Therefore, the court reduces the initial attorneys fee calculation, $65,978.75, by 50%, awarding plaintiff $32,989.38 in attorneys fees.

### C. Paralegal Fees and Costs and Disbursements

In plaintiff's fee application, plaintiff also seeks reimbursement for paralegal time and costs and disbursements. Plaintiff requests fees at an hourly rate of $50.00 for 16 hours of paralegal time, in the amount of $800.00. As to costs, plaintiff seeks $3,405.59. The court finds this request to be reasonable and grants the request for a

---

**3.** The court finds that 10 hours per day for the trial is reasonable. Thus, since the trial took place from January 4, 2000 to January 7, 2000, the court calculates total in-court trial time to be 40 hours.

total of $4205.59 in paralegal fees and costs and disbursements.

## III. Conclusion

In accordance with the discussion above, the court grants plaintiffs $32,989.38 in attorneys fees and $4205.59 in paralegal fees and costs. Thus, plaintiff's application for attorneys' fees and costs is granted in the amount of $37,194.97.