998 F.Supp. 301 (1998)
Victoria GREENBAUM, Plaintiff,
v.
SVENSKA HANDELSBANKEN, N.Y., Defendant.
No. 95 Civ. 3850(SS).
United States District Court, S.D. New York.
March 6, 1998.
*302 Cooper, Sapir & Cohen, P.C., Melville, NY, Robert E. Sapir, David M. Cohen, Sapir & Frumkin, L.L.P., White Plains, NY, for *303 Plaintiff, Donald L. Sapir, William D. Frumkin, Louis G. Santangelo, Steven R. Shapiro, of counsel.
Chadbourne & Parke, L.L.P., New York City, for defendant, Peter N. Hillman, Debra M. Patalkis, Jonathan M. Sobel, Mitchell P. Hurley, of counsel.

OPINION AND ORDER
SOTOMAYOR, Judge.
Plaintiff Victoria Greenbaum moves for an award of attorneys' fees and costs totaling $597,009.38, following a jury verdict in her favor in an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k), New York Exec.Law § 296, and New York City Administrative Code § 8-502(a)(f). For the reasons discussed below and in attached Tables 1 and 2, plaintiff is awarded $336,778.88.

BACKGROUND
Plaintiff brought this action against her former employer, defendant Svenska Handelsbanken, New York, claiming that defendant violated her rights under Title VII and the equivalent provisions of the New York Human Rights Law and New York City Administrative Code. Plaintiff alleged that she was denied promotions and other benefits, and was ultimately terminated from her position, because of her gender and her age. She also claimed that she was subject to a hostile work environment, and that she was retaliated against for filing a complaint with the New York State Division of Human Rights.
The action was tried before a jury from April 28 to May 12, 1997, and on May 16, 1997, the jury rendered a verdict in favor of plaintiff on her claims of gender discrimination and retaliation, but against plaintiff on her claims of sexual harassment and age discrimination. The jury awarded $320,000 in back pay and $1,250,000 in punitive damages. This award was affirmed by this Court after consideration of post-trial motions regarding the appropriate standard of proof for the punitive damage claim, the applicability of a punitive damages cap under Title VII, and the inclusion of prejudgment interest in the jury award. See Greenbaum v. Svenska Handelsbanken, N.Y., 979 F.Supp. 973 (S.D.N.Y.1997).[1]

DISCUSSION

I. Applicable Law
A prevailing plaintiff in a Title VII action may collect attorneys' fees from a defendant under Title VII, which permits a court "in its discretion, [to] allow the prevailing party ... a reasonable attorney's fee ... as part of the costs" of the action. 42 U.S.C. § 2000e-5(k). The district court is afforded broad discretion in assessing a reasonable fee award based on the circumstances of the case. See, e.g., Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983).
In determining a reasonable attorneys' fee, a lodestar amount is calculated from the product of a reasonable hourly rate and the number of hours reasonably expended by each attorney. See Hensley, 461 U.S. at 437; see Luciano v. Olsten Corp., 925 F.Supp. 956, 965-66 (E.D.N.Y.1996), aff'd, 109 F.3d 111 (2d Cir.1997). The hourly rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984). In calculating the number of hours reasonably expended, a court should not reimburse "excessive, redundant or otherwise unnecessary" hours, as well as hours dedicated to severable unsuccessful claims. Hensley, 461 U.S. at 434-35, 103 S.Ct. at 1939-40. Fees may be awarded for unsuccessful claims only when they are "inextricably intertwined" and "involve a common core of facts or are based on related legal theories." Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1183 (2d Cir.1996).
Once calculated, the lodestar amount may be modified based on equitable "considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the `results obtained.'" Hensley, 461 U.S. at 434 (noting *304 that most "factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."). The lodestar figure is presumed, however, to represent a reasonable fee. See Orchano v. Advanced Recovery, Inc., 107 F.3d 94, 99 (2d Cir.1997).

II. Determination of Lodestar
Plaintiff seeks $553,284.75 in attorneys' fees and $43,724.63 in costs.[2] Specifically, plaintiff requests compensation for: 1006.8 hours for lead counsel Robert Sapir (of Cooper, Sapir & Cohen) at $250/hr; 617.8 hours for Sapir & Frumkin partner Donald Sapir (Robert Sapir's brother) at $325/hr; 11.2 hours for partner David Cohen at $300/hr; 21.1 hours for partner William Frumkin at $250/hr; 16.3 hours for second-year associate Eliot Bernak at $150/hr; 37.4 hours for mid-level associate Louis Santangelo at $175/hr; 240.3 hours for partner Robert McGovern at $225/hr; and 63.1 hours for first-year associate Steven Shapiro at $125/hr. Pl. Reply Memo. at 56-57.

A. Billing Rates
Plaintiff claims $325/hr as a reasonable billing rate for co-counsel Donald Sapir. While the Court recognizes Mr. Sapir's experience in the field of employment and civil rights litigation, plaintiff's claim that this rate is in line with those prevailing in the community is not borne out by the caselaw or this Court's own experience. In fact, Mr. Sapir's normal billing rates range from $250 to $325/hr. Review of recent attorneys' fee awards in the Southern District of New York reveals a preponderance of awards at $250/hr for seasoned civil rights litigators. See, e.g, Shea v. Icelandair, 1996 WL 656446 (S.D.N.Y.1996) ($250/hr to "highly experienced litigators in employment law"); Stratton v. Department for the Aging for City of New York, 1996 WL 352909 (S.D.N.Y.1996) ($250/hr to a "seasoned litigator with nearly 30 years experience"); Bridges v. Eastman Kodak Co., 1996 WL 47304 (S.D.N.Y.1996) ($250/hr to "an accomplished labor lawyer, with nearly 30 years experience"). Notably, the opinions relied upon by plaintiff as awarding more than $300/hr do not so state in the text of the cited opinion, and therefore the Court has no basis upon which to evaluate the persuasive authority of these cases. See Guzman v. Bevona, 1996 WL 374144 (S.D.N.Y.1996); Harris v. Hutton, 1993 WL 541661 (S.D.N.Y.1993). The Court also notes that the rare case discussing an award of even $300/hr involves awards to unusually esteemed and experienced litigators. See, e.g., Ginsberg v. Valhalla Anesthesia Assoc., 1998 WL 19997 (S.D.N.Y.1998). In light of the recent decisions in this district and the Court's own experience, the Court finds the hourly rate of $250/hr for Donald Sapir to be a reasonable rate for a litigator of Mr. Sapir's experience and skill in this community.
Plaintiff claims $250/hr as a reasonable rate for lead counsel Robert Sapir. Mr. Sapir has less experience in employment litigation, a factor which appears to be accounted for in plaintiff's fee request. The Court, however, finds that a reasonable hourly fee for Robert Sapir is $200/hr. Although this rate is below Robert Sapir's normal billing range of $245 to $275/hr, given Mr. Sapir's relative inexperience with this type of litigation, coupled with the lack of necessity for two experienced senior attorneys to have tried this case, $200/hr is a reasonable rate.
The remaining attorneys' rates are discussed in Table 1. In some instances, the nature of the work performed by the attorney led to a significant departure from plaintiff's requested rate. For example, the Court finds the work of senior partner David Cohen to have been much more akin to paralegal work than that of an experienced lawyer. Accordingly, his rate was set at $50/hr.[3]See Luciano v. Olsten Corp., 925 F.Supp. 956, 965-66 (E.D.N.Y.1996), aff'd, 109 F.3d 111 (2d Cir.1997) (awarding $50/hr for performance of "clerical" work by attorney).

B. Adjustments to Claimed Hours
Table 2 itemizes the adjustments to the hours that were used in calculating the lodestar. *305 Most claims for adjustment were minor and the rulings require no explanation beyond the table, but several items are discussed below.
All costs applied for in relation to the closing argument are disallowed. Defendant raised a complaint of the inappropriateness of the closing arguments in its memorandum supporting defendant's motion for judgment as a matter of law, but did not repeat the arguments in the attorneys' fee motions. Although the Court is not ruling on the substantive issues raised in the JMOL motion, some elements of this motion have relevance to the calculation of attorneys' fees. Plaintiff's closing arguments were rife with impermissible references and necessitated constant interruptions with appropriate objections. The Court, sua sponte, had to give an unusually large number of corrective instructions. While the Court does not now rule on whether such lack of professionalism during the closing argument was sufficiently inappropriate as to merit overturning the jury's award, plaintiff's behavior was sufficiently outrageous as to forfeit plaintiff's rights to any compensation for what was unnecessary and patently unreasonable behavior. In sum, all time related to the summation are disallowed, amounting to a 22.7 hour deduction from R. Sapir's time request, 41.2 hours from D. Sapir's time, 4.5 hours from Santangelo's time, and 6.6 hours from Cohen's time.
Defendant also claims that all travel time and hotel expenses should be reduced or deducted because of the distance of the Sapirs from Manhattan (Robert Sapir practices in Melville, N.Y. and Donald Sapir practices in White Plains, N.Y.). The Court will allow only the expenses incurred by lead counsel, Robert Sapir. As noted, it is questionable that two attorneys with as much experience as the Sapir brothers were required in this case. Moreover, there is no reasonable explanation, other than nepotism, for Ronald Sapir to have chosen his brother, whose office is so distant from Manhattan, when equally experienced employment discrimination lawyers are available in New York City. The Court will not reimburse for Donald Sapir's travel and lodging fees, which the Court views as unreasonable when the lead counsel was also distant from Manhattan. Therefore, 7.5 hours of Donald Sapir's travel time and $1,259.20 in hotel expenses are deducted from the lodestar award.
Furthermore, as long as the larger firm of Sapir & Frumkin was involved in this litigation, plaintiff's arguments that Cooper, Sapir & Cohen's resources were limited does not persuade the Court to allow billing for inefficiencies such as basic research performed by senior partners and computer disk conversion problems. Robert Sapir claimed 33.9 hours when faced with difficulty in converting a computer file, to which Donald Sapir added an additional 18.6 hours, for a total bill of $16,597.50 for a single computer file format conversion. This task should have been delegated to a skilled secretary, and this unnecessary and excessive work by two senior partners is therefore disallowed.
Finally, although plaintiff is correct in asserting that attorneys' fees are recoverable for time preparing fee memoranda, in Hensley, the Court warned, "[a] request for attorney's fees should not result in a second major litigation." 461 U.S. at 437. See Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1183 (2d Cir.1996) (affirming recoverability of costs for attorneys' fee application itself). Here, plaintiff expended 1504 hours among all attorneys up until the first fee application. This time included all discovery, every deposition, the trial itself, travel, post-trial motions, and an accounting for attorneys' fees. In the month after judgment (between June 2 and July 11, 1997), plaintiff expended an additional 512 hours in preparing its reply memorandum to support its fee request. This additional time was credited primarily to two highly paid attorneys, McGovern (requesting $225/hr) and Donald Sapir (requesting $325/hr), who, combined, billed 440 hours in the month post-judgment. Between the filing of the first fee application on June 2, and the filing of plaintiff's reply memorandum on July 11, the requested fee award rose from $491,453.63 to $622,769.63. While fee application expenses have been allowed in other cases at up to 25% of the total case expense (as here), the Court finds that plaintiff's counsel expended an excessive amount *306 of time preparing the fee application. See Davis v. City of New Rochelle, 156 F.R.D. 549 (S.D.N.Y.1994) (reviewing proportion of application fees to total fees allowed in litigation in S.D.N.Y.). The Court recognizes that the fee claimed will be reduced by the Court's adjustment of McGovern's and the Sapirs' billing rates. However, a further reduction of time is mandated for the excessive time expenditures. Accordingly, the Court awards half of the time requested by McGovern, which brings the hours expended post-judgment down to a more reasonable yet still generous amount.

C. Adjustments to Claimed Costs
The defendant's challenges, and the final adjustments, to the costs allowed are set forth in Table 2. Of note is the reduction for excessive fax and photocopying charges. Plaintiff claims regularly to charge $2.50 per page for a local fax call, and has claimed a single 751-page transmission from White Plains to Manhattan in an amount of $1,877.50. It is an unacceptable and unreasonable billing practice to ignore the many more efficient means of immediate delivery of a document such a short distance.[4]See Ginsberg, 1998 WL 19997, *4 (disallowing all local fax charges). Further, plaintiff claims $0.25 per page for photocopying within the firms' offices. However, plaintiff also submits receipts from professional photocopying services billing $0.05 per page. Because more economically efficient means were clearly available to plaintiff, all faxes are compensated at $1.00 per page and copies at $0.05 per page.

D. Lodestar Total
Based on the previous analysis, the lodestar is calculated as follows: 913.9 hours for Robert Sapir at $200/hr; 534.0 hours for Donald Sapir at $250/hr; 4.6 hours for David Cohen at $50/hr; 10.8 hours for partner William Frumkin at $200/hr; 16.3 hours for Eliot Bernak at $100/hr; 21.3 hours for Louis Santangelo at $175/hr; 120.2 hours for Robert McGovern at $200/hr; and 58.1 hours for Steven Shapiro at $100/hr. After plaintiff's voluntary 5% deduction (which the Court accepts as an appropriate reduction for many of the defendant's miscellaneous challenges to the fee and cost claims), the fee element of the lodestar totals $336,183.63. Costs after adjustments total $38,015.13.

III. Modification to Lodestar

A. Fee Enhancement
Plaintiff suggests that the "excellent result" of this litigation merits an upward departure of the lodestar amount, while defendant claims that not only is a departure not merited, but such a departure is no longer allowable by law. It is the practice of courts in awarding attorneys' fees to subsume all factors into the lodestar calculation, which the Court has done in its lodestar calculation here. See Loper v. New York City Police Dep't., 853 F.Supp. 716, 722 (S.D.N.Y.1994) (citing Dague v. City of Burlington, 935 F.2d 1343, 1359 (2d Cir.1991)). The parties' arguments on whether enhancement for contingency fee cases are still available through state law channels, after the Supreme Court's explicit disallowance of contingency fee enhancements to lodestar figures in City of Burlington v. Dague, 505 U.S. 557, 566, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992), is not reached today. Fee enhancement is awarded only in exceptional cases, and is done so in light of the difficulty of the case or the excellence of the result achieved. See Hensley, 461 U.S. at 435, 103 S.Ct. at 1940; Luciano, 925 F.Supp. at 963. While plaintiff was well rewarded on two of her claims, an overall fee enhancement is not merited. Because only two of the four claims asserted were successful, the Court believes the plaintiff to be well and fully compensated by the amount it awards today.

B. Fee Reduction for Lost Claims
As noted above, fees may not be paid for severable claims, unless the claims are "inextricably intertwined" and "involve a common core of facts or are based on related *307 legal theories." See Reed, 95 F.3d at 1183 (quoting Dominic v. Consolidated Edison Co. of New York, 822 F.2d 1249, 1259 (2d Cir.1987)) (alteration omitted). Here, plaintiff prevailed on her sex discrimination and retaliation claims, but failed on her harassment and age discrimination claims. The Court, however, recognizes the commonality of the age and sex discrimination claims, and explicitly finds that the work and preparation related to the harassment and age claims did not add appreciably to the success of the victorious claims. Most elements of the unsuccessful claims coincided with the other aspects of the case, such as in discovery and in the presentation of evidence at trial. Therefore, even though plaintiff prevailed on only two of the four brought, the Court does not deduct half of the fee award. Rather, because of the noted substantial commonalties, the Court reduces the lodestar only by 10%.

CONCLUSION
For the reasons discussed above and on Tables 1 and 2, plaintiff is awarded $336,778.88 in attorneys' fees and costs.
SO ORDERED.

*308
Table 1. Calculation of Total Fee Award (Lodestar and Departures).
|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| Attorney or Costs | Plaintiff's Claim (hourly | Defendant's Claim | Ruling (See Table 2 for comments on | Hourly Fee | Hours | Amount |
| | rate × hours expended) | | adjustments to requested hours.) | Rate ($/hr) | Awarded | Awarded ($) |
| | | | | | (hr) | |
|-----------------------------|----------------------------|-----------------------------|----------------------------------------------------|-------------|----------|-------------------|
| Donald Sapir (P3-13[*]. | $325/hr × 617.8 | $250/hr × adjusted time | Many cases award $250/hr, none above | 250 | 534.0 | $133.500.00 |
| D5-12[*]) | (P56-7) | (see Table 2) | $300/hr, as P claims. The rate of $250/hr is | | | |
| | | | fair in light of plaintiff's experience and is | | | |
| | | | within plaintiff's billing range for civil rights | | | |
| | | | client. | | | |
| | | | Deducted 83.8 hours (see Table 2). | | | |
|-----------------------------|----------------------------|-----------------------------|----------------------------------------------------|-------------|----------|-------------------|
| Robert Sapir | $300/hr × 1006.8 | $200/hr × adjusted time | R. Sapir was not experienced in civil rights | 200 | 913.9 | 182.780.00 |
| | | (see Table 2) | employment litigation, and this case did not | | | |
| | | | merit two lawyers at the same rate. $250 is | | | |
| | | | within his normal range, but his inexperience | | | |
| | | | in the present litigation suggests a departure to | | | |
| | | | $200/hr. | | | |
| | | | Deducted 92.9 hours (see Table 2). | | | |
|-----------------------------|----------------------------|-----------------------------|----------------------------------------------------|-------------|----------|-------------------|
| David Cohen (D38) | $300/hr × 11.2 | $50/hr × adjusted time | Although this is an experienced lawyer, the | 50 | 4.6 | 230.00 |
| | | (see Table 2) | work he performed was paralegal work, rather | | | |
| | | | than work typical of a senior partner. $50/hr | | | |
| | | | is appropriate for this sort of work. | | | |
| | | | Deducted 6.6 hours (see Table 2). | | | |
|-----------------------------|----------------------------|-----------------------------|----------------------------------------------------|-------------|----------|-------------------|
| William Frumkin | $250/hr × 21.1 | $0 (Should be eliminated. | Same hourly rate as R. Sapir because of | 200 | 10.8 | 2.160.00 |
| | | because all work trivial.) | comparable skill and experience. | | | |
| | | (see Table 2) | Deducted 10.3 hours (see Table 2). | | | |
|-----------------------------|----------------------------|-----------------------------|----------------------------------------------------|-------------|----------|-------------------|
| Eliot Bernak | $150/hr × 16.3 (records | $0 (No records on this | Second-year associate who joined firm after | 100 | 16.3 | 1.630.00 |
| | supplied after exchange of | attorney.) | conclusion of trial. $100/hr is appropriate, | | | |
| | memoranda) | | given his lack of knowledge of case. | | | |
|-----------------------------|----------------------------|-----------------------------|----------------------------------------------------|-------------|----------|-------------------|
| Louis Santangelo | $175/hr × 37.4 | Not contested | Deducted 16.1 hours (see Table 2.) | 175 | 21.3 | 3,727.50 |
|-----------------------------|----------------------------|-----------------------------|----------------------------------------------------|-------------|----------|-------------------|
| Robert McGovern | $225/hr × 240.3 | $175/hr × adjusted time | Based on this lawyer's experience, the same | 200 | 120.2 | 24,040.00 |
| D18 | | (see Table 2) | rate allowed R. Sapir will be allowed | | | |
| | | | ($200/hr). | | | |
| | | | Deducted 120.1 hours (for duplicative and | | | |
| | | | excessive time in preparing fee reply | | | |
| | | | memorandum. D. Sapir's full time allowed. | | | |
| | | | See Opinion and Table 2). | | | |
|-----------------------------|----------------------------|-----------------------------|----------------------------------------------------|-------------|----------|-------------------|
| Steven Shapiro | $125/hr × 63.1 | $100/hr × adjusted time | $100 is appropriate based on this lawyer's | 100 | 58.1 | 5.810.00 |
| | | (see Table 2) | experience. | | | |
| | | | Deducted 5.0 hours (see Table 2.) | | | |
|---------------------------------------------------------------------------------------------------------------------------------------------|-------------|----------|-------------------|
| | Subtotal | $353,877.50 |
|---------------------------------------------------------------------------------------------------------------------------------------------|------------------------|-------------------|
| | 5% Deduction | -$17,693.88 |
| | (offered by Plaintiff) | |
|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|

*309
|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------
| Firm Costs | Plaintiff's Claim | Defendant's Claim | Ruling | Costs | | Amount |
| | | | | Deducted[] | | Awarded ($) |
|-----------------------|--------------------------|--------------------------|------------------------------------------------------------------|-----------------------|----------|-------------------
| Costs: Cooper, Sapir | $33,245.20 | Objects to certain | Deductions discussed in lodestar adjustment | 5,709.50 | | 27,535.70 |
| & Cohen (R. Sapir's | | elements, itemized in | section below, and in Opinion. | | | |
| firm) P57 | | Table 2. | | | | |
|-----------------------|--------------------------|--------------------------|------------------------------------------------------------------|-----------------------|----------|-------------------
| Costs: Sapir & | $10,479.43 | Objects to certain | Deductions discussed in lodestar adjustment | | | 10,479.43 |
| Frumkin (D. Sapir's | | elements, itemized in | section below, and in Opinion. | | | |
| firm) P57 | | Table 2. | | | | |
|------------------------------------------------------------------------------------------------------------------------------------------------|----------------------------------|-------------------
| | Total Costs Awarded: | $38,015.13 |
|------------------------------------------------------------------------------------------------------------------------------------------------|----------------------------------|-------------------
| | Lodestar Total | $374,198.76 |
| | (Attorneys' Fees - | |
| | Voluntary Deduction | |
| | + Costs) | |
|------------------------------------------------------------------------------------------------------------------------------------------------|----------------------------------|-------------------
| Departures from | Plaintiff's Claim | Defendant's Claim | Ruling | Adjusted | | Amount |
| Lodestar | | | | (%) | | Awarded ($) |
|-----------------------|--------------------------|----------------------------|----------------------------------------------------------------|-----------------------|----------|-------------------
| Enhancement of Fees | Unspecified enhancement | Enhancement barred by | No enhancement. See Opinion. | 0 | | 0 |
| (D19, P17) | for superior result. | law. | | | | |
|-----------------------|--------------------------|----------------------------|----------------------------------------------------------------|-----------------------|----------|-------------------
| Reduction of Fees | No fee reduction beyond | Significant deduction | Because unsuccessful claims did not add | -10% | | -37,419.88 |
| (D21, P23) | voluntary 5% | because of lost claims. | appreciably to the other claims, Court deducts | | | |
| | | | 10% from lodestar. | | | |
|------------------------------------------------------------------------------------------------------------------------------------------------|----------------------------------|-------------------
| | Total Fees Awarded: | $336,778.88 |
| | | |
|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------

*310
Table 2. Deductions for disallowed costs and expenditure of hours. All deductions are reflected in Table 1.
|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| Adjustment Claim | Plaintiff's Request of | Defendant's Request or | Ruling | Attorney | Hours | Costs |
| | Claim | Claim | | | Deducted | Deducted |
|--------------------------|----------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 1. Travel time: R. | Policy of firm and | Reduce by 105 hours. | R. Sapir's travel time permitted, as lead | | | |
| Sapir (D32, P32) | attorney to charge full | | counsel on case. | | | |
| | rate. | | | | | |
|--------------------------|----------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 2. Travel time: D. | Policy of firm and | Reduce by 7.5 hours. | D. Sapir's travel time not allowed. See | D. Sapir | 7.5 | |
| Sapir (D32, P32) | attorney to charge full | | Opinion. | | | |
| | rate. | | | | | |
|--------------------------|----------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 3. Research by R. | Insufficient office | Reduce 69.2 hours for R. | Should have divided work among available | R. Sapir | 10.4 | |
| Sapir. (D34, P33) | resources to delegate | Sapir to $100/hr. | resources. Reduced by 15%. | | | |
| | research. | | | | | |
|--------------------------|----------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 4. Duplicative | Research necessary b/c of | Deduct: 8.4hr at | Deduction granted because did not prevail on | Santangelo | 8.4 | |
| research. (D36, P34) | continuing requests from | Santangelo rate, 5hr at | sexual harassment claim. Court requested | Frumkin | 3.4 | |
| | bench for more | Shapiro rate, 3.4hr at | specific research on unsuccessful claim. | Shapiro | 5.0 | |
| | information on | Frumkin's rate. | | | | |
| | unsuccessful sexual | | | | | |
| | harassment claim. | | | | | |
|--------------------------|----------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 5. Spaventa's | Deposition required | Deposition useless, should | Court agrees with plaintiff's argument. | | | |
| deposition. (D40, | | be reduced by 21.5hr R. | | | | |
| P37) | | Sapir's rate. | | | | |
|--------------------------|----------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 6. Computer disk | Insufficient firm | Was useless time. Reduce | Court believes that it was unnecessary to have | R. Sapir | 33.9 | |
| conversion time. | resources. Voluntary 5% | by 33.9hr at R. Sapir rate | a lawyer do this, and all time should be | D. Sapir | 18.6 | |
| (D41, P38) | reduction overall should | and 18.6hr at D. Sapir's | deducted as unreasonable. | | | |
| | be sufficient. | rate. | | | | |
|--------------------------|----------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 7. Word | Word processing | $800 word-processing fee | Word processing is an acceptable and | | | |
| processing fee. (D41, | necessary | was unnecessary. | necessary expense. | | | |
| P38) | | | | | | |
|--------------------------|----------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 8. Time spent | Time would have been | Reduce by 7.2hr at R. | Plaintiff's voluntary 5% reduction is not | R. Sapir | 3.6 | |
| amending complaint | spent anyway. | Sapir's rate, 1.6hr at D. | enough to cover this excessive billing of 18 | D. Sapir | 0.8 | |
| on eve of trial. (D42, | | Sapir's rate, 2.8hr at | hours to add just one count that was simply | Frumkin | 1.9 | |
| P39) | | Frumkin's rate, 6.5hr at | overlooked when Complaint filed. Motion to | Santangelo | 3.2 | |
| | | Santangelo's rate. | Amend necessitated only by oversight. Time | | | |
| | | | awarded for each lawyer reduced by half. | | | |
|--------------------------|----------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 9. Time spent | Time necessary. | Reduce by 74.8hr at D. | Court agrees with plaintiff's argument. | | | |
| reviewing personnel | | Sapir's rate and 14.6hr at | | | | |
| files during trial. | | R. Sapir's rate. | | | | |
| (D43, P40) | | | | | | |
|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|

*311
|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 10. Fax charges. | Charges necessary. | Excessive ($4,922.50 | Faxes not documented, except for 751-page | | | -$1.50 × 1.969 |
| (D43, P40, DSR13) | | claimed = 1,969 pages | fax on 5/4/97. $2.50 per page is excessive | | | pages = |
| | | total) and undocumented. | rate. $1 per page is more appropriate. See | | | -$2,953.50 |
| | | Reduce 751 page fax from | Opinion. | | | |
| | | $2.50 to $1.00 per page. | | | | |
|--------------------------|-------------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 11. Transparency | Charges necessary. | 100 transparencies at $2 | Court agrees with defendant. | | | -$200 |
| charges. (D43, P 40) | | each, not used in trial, | | | | |
| | | should be deducted. | | | | |
|--------------------------|-------------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 12. Billing on Pyron | P. admits this is in error. | Double billing. Reduce | P. has agreed to deduction. | R. Sapir | 3.4 | |
| meeting. (D47, P44) | | by 3.4h at R. Sapir's rate. | | | | |
|--------------------------|-------------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 13. Deposition of | Defendant's litigation | Deposition unnecessary. | Court agrees with plaintiff - defendant's | | | |
| Jonathan Cohen. | strategy required | Reduce by 20h at R. | conduct necessitated deposition. | | | |
| (D48, P45) | deposition. | Sapir's rate. | | | | |
|--------------------------|-------------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 14. Time reviewing | Time necessary, since | Time excessive. Reduce | Court agrees with plaintiff and allows billing | | | |
| correspondence. | document was 82 pages | by 2hr at R. Sapir's rate. | based on size of correspondence. | | | |
| (D49, P45) | long. | | | | | |
|--------------------------|-------------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 15. Phone call | Admits to lack of detail, | Lack of required detail in | Although there was little documentation in | R. Sapir | 18.9 | |
| documentation. (D49, | but calls still billable | billing. Reduce 37.8hr at | plaintiff's time records, Court found | | | |
| P46) | | R. Sapir's rate. | defendant's table to contain errors. Court | | | |
| | | | reduces time to half of billed time. | | | |
|--------------------------|-------------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 16. Letters to Court. | Letters appropriate. | Letters were wasteful and | Court agrees with plaintiff. | | | |
| (D50, P46) | | baseless. Reduce 10.9hr | | | | |
| | | at R. Sapir's rate. | | | | |
|--------------------------|-------------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 17. D. Sapir's time | May collect according to | Work could have been | May collect for preparation of materials | D. Sapir | 15.7 | |
| preparing fee | case law. | performed by junior | related to attorneys fee collection, but | | | |
| affidavits. (D51, P47) | | lawyer. Reduce to half of | affidavit work was ministerial. Court reduces | | | |
| | | 31.3hr at D. Sapir's rate. | to half of billed time. | | | |
|--------------------------|-------------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 18. Hotel and meals | Charges were acceptable | Lawyers were within | Court will not reimburse for D. Sapir's hotel | | | -$1,259.20 |
| during trial. (D53, | and hotel stay was | commuting distance and | and meals. See opinion. Court reduces | | | |
| P49, DSR App C) | beneficial to client. | therefore cannot collect. | amount by $1,259.20 (D. Sapir's portion.) | | | |
| | | Reduce $4,418. | | | | |
|--------------------------|-------------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 19. Parking during | Expense acceptable. | Expense unacceptable. | Expense allowed. | | | |
| trial. (D54, P50) | | Reduce by $325. | | | | |
|--------------------------|-------------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 20. Service of | Necessary. | Reduce $397. | Court agrees with plaintiff. | | | |
| subpoena. (D54, P51) | | | | | | |
|--------------------------|-------------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 21. Witness Fees. | $88.20 reasonable, and | Reduce $129.30. | Court agrees with plaintiff. | | | |
| (D55, P52) | already reduced $43.10 | | | | | |
| | (reflected in costs, above). | | | | | |
|--------------------------|-------------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 22. Rental of | Couldn't borrow screen | Should have borrowed, | Expense allowed. | | | |
| Screen. (D55, P53) | from court and had to rent. | reduce by $233.82. | | | | |
|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|

*312
|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 23. Photocopy | $0.25 per page is standard | Should be $0.20 per page. | Plaintiff had copies made at $0.05 per sheet | | | -$1.296.80 |
| costs. (D55, P53) | rate at firm. | Reduce by 20% of $1.621 | by copy service. In-house copying will be | | | |
| | | total. | reimbursed at the same rate, therefore. | | | |
| | | | Reduced to 20% of total. See Opinion. | | | |
|--------------------------|-------------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 24. "Taxes." (D56, | Taxes = Taxis. | Reduce $120. | Expense allowed. | | | |
| P54) | | | | | | |
|--------------------------|-------------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 25. "Mystery | Charges were FedEx | Mystery charges not | Expense allowed. | | | |
| charges." (D56, P54) | shipments. | compensable. Reduce | | | | |
| | | $74.75. | | | | |
|--------------------------|-------------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 26. Computerized | Necessary. | Unjustifiable. Reduce | Expense allowed. | | | |
| research costs. (D56, | | $2,625.11. | | | | |
| P55) | | | | | | |
|--------------------------|-------------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 27. Travel expenses | Necessary expenses. | Reduce $607.07. | Court agrees with plaintiff. | | | |
| by D. Sapir. (D56, | | | | | | |
| P55) | | | | | | |
|--------------------------|-------------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 28. McGovern | | Billed 240 hours on | Awarded half of requested hours. 440 hours | McGovern | 120.1 | |
| June/July billing. | | research and duplicative | on the fee reply memorandum by D. Dapir | | | |
| (DSR8) | | memorandum writing. | and McGovern is excessive. Compensation | | | |
| | | Reduce to "blended" fee at | for one attorney working full-time for a month | | | |
| | | half requested time. | on fee reply memo is acceptable, but not two. | | | |
| | | | See Opinion. | | | |
|--------------------------|-------------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 29. Frumkin's time. | Necessary work. | Trivial time for calls and | Much of time spent on telephone calls and | Frumkin | 5.0 | |
| | | memoranda to file. | memoranda to file. Some time off for | | | |
| | | | insufficiently documented time. | | | |
|--------------------------|-------------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 30. Closing | | | While the Court is not ruling on the | R. Sapir | 22.7 | |
| statement costs. | | | substantive issues of the JMOL, plaintiffs are | D. Sapir | 41.2 | |
| | | | not entitled to compensation for | Santangelo | 4.5 | |
| | | | unprofessional behavior in closing argument. | Cohen | 6.6 | |
| | | | Court deducts all attorney time related to | | | |
| | | | closing argument (22.7hr at R. Sapir's rate; | | | |
| | | | 41.2hr at D. Sapir's rate; 4.5hr at Santangelo's | | | |
| | | | rate; 6.6hr at Cohen's rate). See Opinion. | | | |
|--------------------------|-------------------------------|-----------------------------|----------------------------------------------------|-------------|----------|----------------|
| 31. Miscellaneous | | | The Court finds that plaintiff's voluntary 5% | | | |
| arguments like | | | reduction already noted, covers all of the | | | |
| insufficiently detailed | | | miscellaneous arguments raised by | | | |
| entries, redundant | | | defendants. | | | |
| work, etc. | | | | | | |
|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|

*313
|----------------------------------------------------------------------------------------------------------------------------------------------------|
| | Attorney | Total | Total Cost |
| | | Hours | Adjustment |
| | | Deducted | |
|---------------------------------------------------------------------------------------------------|------------------|----------------|------------|
| | R. Sapir | 92.9 | -$5,709.50 |
| | D. Sapir | 83.8 | |
| | McGovern | 120.1 | |
| | Santangelo | 16.1 | |
| | Frumkin | 10.3 | |
| | Shapiro | 5.0 | |
| | Cohen | 6.6 | |
|----------------------------------------------------------------------------------------------------------------------------------------------------|

NOTES
[1] Also currently pending before the Court is a motion for judgment as a matter of law.
[2] See Table 1 for details.
[1] Also currently pending before the Court is a motion for judgment as a matter of law.
[2] See Table 1 for details.
[3] "Prep. of exhibits for trial" (April 27, 1997), and "Review of transcripts in preparation of trial" (May 11, 1997), Pl. Fee Aff. Exh. 6.
[4] For example, hand delivery by a car service would have undoubtedly been substantially cheaper than the $1,871.50 claimed.